WORKMAN *v.* GENERAL SHOE CORP.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

Wilson Sims and Bass, Berry & Sims, all of Nashville, for appellant.

C. L. Boyd and R. R. Haggard, Sr., both of Waynesboro, for appellee.

Mr. Special Justice Lloyd S. Adams delivered the opinion of the Court.

This is a workman's compensation case wherein the Chancellor overruled a demurrer to the petition, raising the question of the statute of limitations, and granted a discretionary appeal pursuant to Code Section 9038.

The petition of Mrs. Ida Bell Workman avers that she was at times material therein an employee of the defendant General Shoe Corporation at its manufacturing

plant in Hohenwald, Tennessee; and that on June 15, 1949, she suffered an injury to her abdomen while engaged in her routine work in defendant's plant, as a result of which she developed a condition in her left leg known as phlebitis. Although defendant paid the medical expenses resulting from the injury no claim was made for compensation on the basis of either permanent or temporary disability. Some months after the injury of June 15, 1949, petitioner returned to her work in defendant's plant. The phlebitis in her leg grew progressively worse, until December 14, 1951, when, as the petition alleges, "the petitioner, while about her duties at the plant of the defendant at Hohenwald, doing the tasks assigned to her under her contract of employment to do, and while moving about as her work required her to do, the left leg which had been greatly weakened by reason of the injuries and resultant illness hereinabove stated, gave way and caused her to fall to the floor, resulting in further injuries to her person, her left side, and left leg. She was carried immediately to the first aid room at the plant, and ministered to by the nurse of defendant in charge. She then and there gave full report to the superintendent and agents of defendant in charge of the nature and cause of her said injury. She was carried to a hospital again from defendant's plant, and defendant has paid the greater part of her doctor's bills and hospital expenses but later declined to pay further. They have paid her no sums or amounts on account of her injuries and loss of time."

The petition also avers that Mrs. Workman's injuries are permanent and total, and that this condition "is the result of and was proximately caused by the accident and injuries she received while in the employ of defendant,

and arising out of and in the course of her employment, as aforesaid''.

Defendant seasonably filed a demurrer to the petition on the ground that the claim for workmen's compensation set forth therein was barred by the Statute of Limitations as contained in Code Sections 6874 and 6884(1). These Code sections bar an action for compensation brought more than one year after the date of the accident or injury. The Chancellor, in a thorough and well-reasoned opinion filed as a part of the record, overruled the demurrer. He held that although the Statute of Limitations does bar an action for compensation based on the injuries of June 15, 1949, nevertheless, if petitioner had a second accident on December 14, 1951, from which she received injuries, independent of the accident of June 15, 1949, the Statute would begin to run from the date of the second accident, and the suit having been instituted on December 9, 1952, would not be barred under the Act.

Under the Workmen's Compensation Law of this state, a compensable injury is ''any injury by accident arising out of and in the course of employment * * *.'' There is no disputing the fact that the injuries of December 14, 1951, arose in the course of petitioner's employment by defendant. 58 Am. Jur., Workmen's Compensation, Section 212. The issue, then, raised by the Chancellor's overruling of the demurrer and as set forth in defendant's two assignments of error, is whether the petition sets forth an accidental injury which arose out of petitioner's employment within one year prior to the filing of the petition.

Petitioner may not relate the injuries of December 14, 1951, back to the accident of June 15, 1949, for obvious-

ly any action based on the latter accident would be barred by the one-year statute of limitations, inasmuch as the petition was not filed until December 9, 1952. The cases relied on by counsel for petitioner to support their theory in this regard are not in point. Although a subsequent injury or disease might be part of the proximate consequences of an injury for which the defendant employer is responsible, the statute of limitations begins to run on the date of the first injury. This principle would apply to the instant case only if the second injury, whether or not in the scope of petitioner's employment, had occurred within one year from the date of the original injury, June 15, 1949, and the action for compensation had been brought also within one year from the date of the original injury. Cases in point and which are cited by counsel for petitioner are collected in Annotations in 7 A. L. R. 1186 and 102 A. L. R. 790.

It therefore appears and the Court holds that if petitioner is to be allowed compensation at all, it must be based on the alleged injuries of December 14, 1951, which occurred less than one year prior to the filing of the petition.

The controlling case is *Tapp* v. *Tapp*, 192 Tenn. 1, 236 S. W. (2d) 977. There the question, as here, was whether the petitioning employee's injuries had resulted from an accident "arising out of" his employment. The employee, making delivery of hardware in an automobile pursuant to the directions of his employer, was suddenly seized with a coughing spell due to an asthmatic condition, blacked out, and the automobile ran into a ditch resulting in the injuries complained of. Mr. Chief Justice NEIL, delivering the opinion of the Court, held that the injuries sustained arose out of the employment within the mean-

ing of the Compensation Act and were compensable. The injuries sustained by the petitioner in the instant case, resulting from a collapse of her leg while at work, may well be compared to the injuries sustained by the employee in the Tapp case, resulting from an asthmatic seizure while at work. It matters not whether her leg was weakened by phlebitis as a result of a prior injury arising out of and in the course of her employment. The important fact is that the phlebitis did exist. The opinion in the Tapp case, however, sets forth an important limitation on this type of case.

"We are not by this opinion irrevocably committed to the proposition that all accidents resulting from epileptic seizures, or other idiopathic conditions, are compensable. There may be in many instances no causal connection whatever between the cause of the 'black-out' and the nature of the employment. But it seems reasonable to conclude, based upon the authorities cited, that where epilepsy, or other physical disturbances, suddenly and without expectation occur and contribute to cause an injury to an employee while at work the same should be held compensable, *provided there is present another hazard, incident to the employment which is generally known to exist and which is shown to be the immediate cause of the accident. Tapp* v. *Tapp,* 192 Tenn. at page 9, 236 S. W. (2d) at page 980.

"It is * * * settled law that there must be a causal connection between a workman's accidental injury * * * and the nature of his employment."—*McCann Steel Co.* v. *Carney,* 192 Tenn. 94, 100, 237 S. W. (2d) 942, 944.

The petition, as heretofore pointed out alleges that the injuries of December 14, 1951, were sustained

while petitioner was moving about as her work required her to do, and that the injuries arose out of and in the course of her employment. This Court in the recent case of *Ledford* v. *Miller Bros. Co.*, 194 Tenn. 467, 253 S. W. (2d) 552, pointed out that the provisions of our Workmen's Compensation Law are rather meager as to pleadings required, and that the consistent policy of the Court has been to get away from technical proceedings in such a case and to view the matter liberally from the standpoint of the employee. The pleadings, though, must be sufficient to advise the employer of the nature of the claim so that he may be prepared to meet it.

Although the allegations of the petition in the instant case do not clearly set forth facts showing that at the time of the injury of December 14, 1951, there was present a hazard incident to the employment which was generally known to exist and which was the immediate cause of the accident, under the allegations of the petition as set forth in this opinion, and based on the rule of liberal construction of pleadings in favor of the employee, *Ledford* v. *Miller Bros. Co.*, supra, evidence in proof of such facts would be admissible.

It follows from what has been said that the Chancellor was correct in his holding and that there was no error in overruling the demurrer. The assignments of error are overruled, and the cause is remanded for further proceedings consistent with this opinion. The costs of this appeal will be adjudged against the appellant.