F. Perlman & Company, Inc. and Bituminous Casualty
Corporation, Plaintiffs in Error,

*v.*

Leroy Ellis, Defendant in Error.

410 S.W.2d 166.

(*Jackson*, April Term, 1966.)

Opinion filed December 20, 1966.

ROBERT M. BURTON and LEO BEARMAN, Memphis, for plaintiffs in error.

W. C. RODGERS, Memphis, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Circuit Court of Shelby County, Tennessee.

The parties will be referred to herein as they appeared in the trial court; that is, plaintiffs in error, F. Perlman & Company, Inc. and Bituminous Casualty Corporation, as respondents and defendant in error, Leroy Ellis, as petitioner.

On October 7, 1965, petitioner filed a petition for workmen's compensation. In this petition it was alleged that the petitioner was injured in the course and scope of his employment by respondent F. Perlman & Company, Inc., for whom Bituminous Casualty Corporation is the workmen's compensation insurer.

The petition alleged that Ellis was struck on the head by a metal hook on the end of a hoist chain, while operating a cutting torch for F. Perlman & Company, Inc. It was alleged that, as a result of this blow, Ellis suffered a substantial loss of hearing and acquired a defect in his speech. It was further alleged that Ellis suffered unusual headaches following the blow and injury; that all of this was reported to the company, and that he had been examined by the company doctor. That doctor referred him to a Dr. Edward S. Kaplan, who, in turn, referred him to Dr. M. Coyle Shea.

The original petition was amended, by leave of court, on January 5, 1966, to further specify the speech impairment caused by the blow. The respondents' answer

admits that the petitioner received the blow specified in the petition as amended, but denies that it was the cause of the injuries suffered by the petitioner.

The cause was heard by the court on January 11, 1966. On January 12, 1966, an order was entered rendering judgment in favor of the petitioner and awarding him Workmen's Compensation benefits of sixty-five per cent permanent partial disability to the body as a whole. On January 14, 1966, the trial judge filed his findings of fact and opinion. Motion for new trial was timely made and overruled. Appeal has been perfected to this Court.

The assignments of error filed in this court are as follows:

## "I.

The Trial Court erred in awarding permanent partial disability to the body as a whole. This was error because loss of hearing is a scheduled loss for which a specific number of weeks compensation is provided.

## II.

The Trial Court erred in predicating its judgment, in part, on dizziness, pressure sensations in the head and nervousness because these conditions or ailments are not alleged in employee's Petition and are not within the scope of the pleadings or the proof. This was further error because such conditions are a by-product of the loss of hearing which is a scheduled loss.

## III.

The Trial Court erred in finding that the injuries aggravated a pre-existing speech defect (stuttering)

and predicating its judgment thereon. This was error because the plaintiff alleged that the accident caused the speech defect and the plaintiff and his witnesses testified that he had no speech defect whatever prior to the accident and that he spoke in a perfectly normal manner prior thereto. This was further error because it, in effect, found the plaintiff guilty of testifying falsely under oath because it was not his position or claim that he had a pre-existing speech defect and, therefore, it could not have been aggravated by the accident.

## IV.

The Trial Court erred in basing his award largely on the speech defect (stuttering) because the Court had found that stuttering is a nervous condition and 'you can't tell what caused it.' This was further error for the reason that there is no proof in the record that stuttering is a nervous condition or what might or could cause it.

## V.

The Trial Court erred in holding that the employer did not testify and in presuming that such testimony might be adverse to the defendants. This was error because the employer-defendant is a corporation and the foreman of said employer-defendant and a number of the plaintiff's former fellow-employees testified for the employer and a corporation can only act or speak through its employees and the Court did not indicate, nor does the record disclose, to whom the Court referred when he stated that the employer did not testify.

## VI.

The Trial Court erred in holding that a speech defect (stuttering and/or stammering) is compensable under the Compensation Act.

## VII.

There is no material evidence to support the judgment of the Trial Court."

 Respondents' first assignment of error urges that the trial court erred in making an award for permanent partial disability to the body as a whole. In support of this contention it is argued that loss of hearing is a scheduled loss under T.C.A. sec. 50-1007. The language of the pertinent part of that section is as follows:

"For the complete permanent loss of hearing in both ears, sixty-five per cent (65%) of average weekly wages during one hundred and fifty (150) weeks."

It is further argued that where there is an injury to a specific member of the body, which is a scheduled loss, the award must be confined within the limits of the schedule and an award for permanent partial disability to the body as a whole is not proper. The basis of this position is the 1963 Amendment to T.C.A. sec. 50-1007 (c), which added the last sentence to that section, as it is now codified. It is as follows:

"The benefits provided by this paragraph shall not be awarded in any case where benefits for a specific loss is otherwise provided in this title."

This contention ignores some important findings of fact by the trial court, which are supported by material evidence contained in the record. The trial court found

that the petitioner suffered not only loss of hearing, which is a scheduled loss, but also suffered speech impairment, dizziness, and severe headaches, all unscheduled injuries.

It is therefore the opinion of this Court that the trial court correctly found that the injuries suffered by the petitioner were not limited to scheduled losses, but included losses other than those scheduled in T.C.A. sec. 50-1007, and provided a proper basis for an award for permanent partial disability, under the so-called omnibus clause, the last paragraph in section (c) of T.C.A. sec. 50-1007. The authorities cited in respondents' brief, such as *Shores v. Shores* (1965) 217 Tenn. 96, 395 S.W.2d 388, go no further than to enunciate the proposition that under the Act, as amended, where the employee has suffered only a scheduled injury, an award on a basis of the body as a whole is interdicted.

■■ The respondents' second assignment of error is that the trial court's action in predicating its judgment, in part, on dizziness, headaches, and nervousness was improper. This is said to follow for the reason that these allegations were not contained in the pleadings, nor supported by proof. The original petition filed by the petitioner contains the following:

"That he is a resident citizen of Memphis, Shelby County, Tennessee, living at 949 G. Mosby Street; that he is thirty-four years of age; that the respondents are both corporations, F. Perlman & Company, Inc., being located at 476 N. Manassas, and Bituminous Casualty Corporation being located at 1312 First National Bank Building; that heretofore, on or about July 1, 1965, this defendant was operating a cutting

torch for F. Perlman & Company, Inc., cutting up iron, and scrap metals; that while he was so engaged, the operator of a crane of said company, and a hoist attached, swung said crane around, so as to cause the steel or metal hook on the end of the hoist chain to strike this petitioner's head, on the right side, a severe blow, knocking him dizzy for some fifteen to thirty minutes, that following said blow he began to experience difficulty in hearing, and by reason of the increase in this, he went to Dr. Edward S. Kaplan, who examined him, discovered a substantial deficiency in his hearing, particularly in the right ear, and referred him to Dr. M. Coyle Shea, an ear specialist, who further and more carefully examined him and found a very substantial deficiency in his hearing and speech, that of his speech having a discrimination of ninety-six (96%) per cent on the left, and approximately twenty (20%) per cent on the right, said blow or injury having effected the hearing in both ears, but in the right ear very extensively; that he is advised by said doctors that said injuries are permanent, both as to defects in his speech and hearing.

Petitioner would further show that he began to experience unusual headaches following said blow and injury, and he reported the said suffering and injury to Mrs. Jackson, in the office of the respondent Perlman & Company, Inc., whose duties and functions require her to receive such complaints on behalf of said respondent; that said employee of the respondent sent him to Dr. Samuel Weiner, the company's doctor; that said doctor then referred him to Dr. Edward S. Kaplan, who in turn referred him to Dr. M. Coyle Shea, ear specialist, who made a thorough examination of his

ear, and, as stated, reports that the hearing in his right ear has been damaged approximately seventy-five (75%) per cent, and that these injuries and defects will be permanent."

When tested by the standards of pleading in workmen's compensation cases, set by this Court in prior cases such as *McKenzie v. Campbell and Dann Manufacturing Co.* (1962) 209 Tenn. 475, 354 S.W.2d 440, and *Workman v. General Shoe Corp.* (1954) 196 Tenn. 290, 265 S.W.2d 883, this Court is of the opinion that these allegations contained in the original petition permit the findings made by the trial judge. The petitioner himself testified as to headaches, dizziness, and nervousness which he had never experienced before, following the blow received by him, and this is material evidence sufficient to support the trial judge's finding.

■ The respondents' third assignment of error makes the contention that the trial court erred in predicating its judgment upon a finding that the injuries received by the petitioner aggravated a pre-existing speech defect. It is not disputed that this finding is supported by the proof. What is argued is that the pleadings are insufficient to allow the trial judge to base an award on this finding. Since the pleading alleged a speech defect resulting from the accident, this Court is of the opinion that this is sufficient to allow the trial judge to base an award upon the aggravation of the pre-existing speech defect. Again, under the rules of pleading in compensation cases, we do not think that it was necessary in this case for the petitioner to specifically allege that he had a pre-existing speech defect, and that the same was aggravated.

■ The respondents' fourth assignment of error insists that the trial court erred in basing the award upon

the speech defect, as there was insufficient evidence to show that it was caused by the blow received by the petitioner during the employment. We think the testimony of numerous witnesses presented by the petitioner, and the testimony of the petitioner himself, that the speech defect either came into being or was greatly increased after the petitioner suffered the blow to the head, sufficiently supports the trial court's finding in this respect.

■ Respondents' fifth assignment of error urges that the trial court erred in holding that the failure of the employer to testify led to a presumption that such testimony would have been adverse to the respondents. This is based upon the following statement contained in the trial court's finding of fact:

"We all know that the employer takes the employee as he finds him. There is one other thing that weighs heavily in this court's mind. It is true they paraded a number of his fellow workmen who say he stuttered and stammered and speaks now as he did before; although it partly is the same as it is now, this Court notices the employer of the witnesses did not take the witness stand."

It is urged in support of this contention that the employer is a corporation, and that, as such, it could not be called upon to testify, but could only speak through its employees, several of whom did testify. We think it is clear from the statement previously quoted that the trial judge was referring not to the corporation but to the person who hired the petitioner and who could have said —the day I hired him he stuttered just as he does now—if

such were the case. We think the trial court's finding in this regard is within his discretion.

■ The respondents' sixth assignment of error argues that a speech defect is not compensable under the Workmen's Compensation Act. No authority is cited in support of this assignment. It is the opinion of this Court that such an injury is compensable, as it clearly affects the ability to earn of an employee and his ability to perform under almost any conceivable type of employment. It is hard for us to imagine anything much more essential than the capacity to communicate.

The respondents' seventh assignment of error is that there is no material evidence to support the judgment of the trial court. We think it is unnecessary to discuss this assignment, in light of what has been said heretofore.

The judgment of the trial court is affirmed, with costs of this appeal assessed against the plaintiffs in error.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.