Federated Mutual Implement & Hardware Insurance Company, Plaintiff in Error,

*v.*

Andrew Cameron, Defendant in Error.

422 S.W.2d 427.

(*Knoxville,* September Term, 1967.)

Opinion filed December 15, 1967.

John D. Lockridge, Knoxville, for plaintiff in error.

J. Kenneth Porter, Newport, for defendant in error.

Mr. Justice Creson delivered the opinion of the Court.

This is a workmen's compensation proceeding, in which the employer's insurance carrier appeals from an adverse judgment rendered in the Circuit Court of Cocke County. The parties will be referred to herein as they appeared in the trial court; that is, plaintiff in error Federated Mutual Implement & Hardware Insurance Company as defendant, and defendant in error Andrew Cameron as petitioner.

The petitioner, twenty-four years old at the time of the injury, was in the employ of the White Pine Block

and Supply Company, in White Pine, Tennessee. He was cleaning out the inside of a large concrete mixing machine, when it was inadvertently activated by a fellow employee. As the machine revolved, the petitioner was struck by two large blades inside, and then was thrown out through the opening at the top. He sustained numerous injuries to his back, trunk, and both legs. The most severe injury, immediately noticeable, was to his right leg. Shortly after the accident it was necessary to amputate the right leg. In the course of the operative procedure, part of the flesh of the buttocks and hip was removed. The amputation left such an inadequate stump that the petitioner has been, and is now, unable to wear a prosthetic device. The loss of the leg, plus the partial loss and atrophy of the buttocks and hip, has affected the body platform. Cameron is unable to sit erectly without bracing, or without resting on the painful scar tissue of the stump.

Cameron has also experienced pain and complications resulting from the trauma to his back. It does seem proper to say that part of this problem results from aggravation of a congenital abnormality. Nonetheless, the fact remains that this record reflects that Cameron suffered a severe physical battering inside the mixer. No expert medical testimony is indispensable to the conclusion that Cameron could, and probably did, suffer injury to his back, distinct and separate from any impairment of his back as a result of his leg.

Upon the hearing of the cause, in which both parties presented medical testimony, the trial judge filed a brief, but lucid, memorandum opinion; and found that the petitioner had suffered permanent total disability.

It was adjudged that full statutory benefits be paid, plus all hospital and doctor bills.

The defendant has filed five assignments of error. These may be synthesized and treated as presenting two questions.

The first theory and contention of the defendant is that the loss of his right leg comprises the petitioner's entire loss under the Workmen's Compensation statutes. The argument is that such must follow because of the asserted fact that all of the other disabling conditions which petitioner has sustained must be regarded as part and parcel, or medical sequelae, of the loss of the leg. It is vigorously insisted that application of the 1963 Amendment to T.C.A. sec. 50-1007(c), as interpreted and applied by this Court's opinion in *Shores v. Shores* (1965) 217 Tenn. 96, 395 S.W.2d 388, limits recovery to the award set by statute for the scheduled injury of the loss of a leg.

In response, the petitioner's theory is that: (1) It is true that the petitioner suffered total loss of his leg by amputation; but (2) it is also true that the petitioner suffered amputative loss over and beyond the loss of the leg; and (3) it is to be justifiably concluded from the record that other disabling conditions are also referable to back injuries and to the amputative loss over and beyond the loss of the leg. In support of his argument, the petitioner relies on the holding of this Court in *F. Perlman & Co. v. Ellis* (1966) 219 Tenn. 373, 410 S.W.2d 166.

The trial court's conclusion was that the petitioner had suffered all the disability contemplated by our statutes by reason of loss of his leg; but that he had also suffered additional disabling consequences which were ascribable, not to the loss of the leg, but to the accident

itself—that is, distinct and separate injuries and disabilities.

In this connection, we are of the opinion that our decision in *F. Perlman & Co. v. Ellis,* supra, is much in point. In that case, the claimant received a blow to the head from a metal hook on the end of a hoist chain. He suffered loss of hearing, which is a scheduled loss; but also suffered speech impairment, dizziness, and severe headaches, all unscheduled injuries. It was held that when such a situation appeared, the employee was not limited to recovery only for the statutory award for the scheduled injury.

In the present case, the petitioner has suffered the scheduled loss of his right leg; but, in addition, he has suffered unscheduled injuries to his buttocks, hip and back. We do not feel, therefore, that he is limited to recovery only for the scheduled injury. The situation, as shown by the evidence, does not fall within the ambit of T.C.A. sec. 50-1007(c), as amended, and as interpreted by *Shores v. Shores,* supra.

The defendant next insists that there was no evidence to support the trial court's award of permanent total disability benefits. The medical testimony offered by the defendant indicated that the petitioner had a disability to the body as a whole of 45%. The petitioner's treating physician expressed no opinion as to disability.

Permanent total disability is defined in T.C.A. sec. 50-1007(e), as follows:

"When an injury not otherwise specifically provided for in this chapter as amended, totally incapacitates the employee from working at an occupation which brings him an income, such employee shall be considered 'totally disabled,' * * *"

■ This Court recognizes that there are differences between the medical and the legal meaning of disability under the Workmen's Compensation statutes. Chief Justice Burnett, in *Lunsford v. A. C. Lawrence Leather Co.* (1949) 189 Tenn. 293, 225 S.W.2d 66, and the late Justice White, in *McKenzie v. Campbell & Dann Mfg. Co.* (1962) 209 Tenn. 475, 354 S.W.2d 440, have ably delineated the variance. The measures of disability, in a medical sense, are substantially more narrow than those contemplated by the Workmen's Compensation statutes. In determining what may constitute permanent total disability, the concepts embodied in Workmen's Compensation take into account many pertinent factors, including skill, education, training, duration and job opportunity for the disabled.

The petitioner in this case attained only an eighth-grade education and has been employed throughout his lifetime at tasks involving manual labor. The trial court found that since the accident, the petitioner was capable of performing only odd or menial jobs, such as answering the telephone.

■ We feel there is no serious question on this record but that the trial court's finding of petitioner's total and permanent disability is supported by material evidence. The evidence also is that such disability results from the occurrence of both scheduled and non-scheduled injuries, not falling within the limiting amendment to T.C.A. sec. 50-1007(c).

The result is that the judgment of the lower court is affirmed. Costs of this appeal are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.