**Alvin D. DALTON, Plaintiff,**

v.

**BAHNSON SERVICE CO. and Maryland Casualty Co., Defendants.**

**Civ. A. No. 2368.**

United States District Court
E. D. Tennessee,
Northeastern Division.

July 30, 1969.

Charles Terry, Morristown, Tenn., for plaintiff.

N. R. Coleman, Jr., Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action for workmen's compensation benefits. The Court's jurisdiction is sought to be invoked by the plaintiff under 28 U.S.C. § 1332(a) (1). It appears through suggestion of the defendants in a motion to dismiss the complaint that this Court may lack jurisdiction of the subject matter of this litigation.

It appears affirmatively from the complaint, and is admitted in the answer, that the plaintiff is a Tennessee citizen and that neither of the defendant corporations is incorporated by, and has its principal business in, Tennessee. It is alleged in the complaint that the matter in controversy exceeds $10,000, exclusive of interest and costs. The defendants deny presence of the jurisdictional amount, claiming that the matter in controversy cannot exceed the sum or value of $8,400.

The plaintiff claims that, while in covered employment under the Tennessee Workmen's Compensation Law on October 29, 1968, he fell, broke his left leg, and sustained thereby a permanent partial disability at a time when his average weekly wages were approximately $120. This is a scheduled injury under the compensation law, T.C.A. § 50–1007(c), which provides that the maximum benefits for (even) the loss of a leg is 65% of the average weekly wages during 200 weeks. The maximum benefit collectible under that law is $42, T.C.A. § 50–1007. Thus, benefits of $42 a week for 200 weeks, aggregating the sum of $8,400, are the maximum the plaintiff could be awarded by a judgment herein.

It is provided by T.C.A. § 50–1007(c) that all unscheduled cases of permanent partial disability are to be apportioned to the body as a whole, " * * * which shall have a value of four hundred (400) weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury. * * " The plaintiff contends that his leg fracture has resulted in a shortening of his left leg which, in turn, has produced a pelvic tilt, which, in further turn, has caused injuries to his lower lumbar spine; and, that he has a potential entitlement to benefits of $42 for 400 weeks, or an aggregate of $16,800.

This contention appears to be contrary to the statutory and decisional law of Tennessee. Under the averments in the complaint, the plaintiff's allegedly permanent partial disability resulted from the injury to his left leg. This is a scheduled loss. The benefits provided by T.C.A. § 50–1007(c) "* * * shall not be awarded in any case where benefits for a specific loss is [sic: are] otherwise pro-

vided in this title * * *", in the specific language of the statute itself. "* * * [S]ince the injury here is for a specific loss * * *, the courts are not allowed to then award injuries to the body as a whole. The Act plainly so provides and a line must be drawn somewhere under this Act, and, as we see it under the Act, the line must be drawn here, that is, when there is a specific loss provided in this Act, then this becomes the total amount for which benefits can be allowed. * * *" Shores v. Shores (1965), 217 Tenn. 96, 395 S.W.2d 388, 390[2]. Whether this Court agrees with that interpretation in this instance, the law of Tennessee "* * * shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C. § 1652.

The plaintiff makes no contention that the requisite jurisdictional amount is here present, except under his theory of the applicability of T.C.A. § 50–1007(c). The two decisions of Tennessee courts * cited in support of his contention are distinguishable on their peculiar facts: in both Federated Mutual Imp. & Hard. Ins. Co. v. Cameron (1967), 220 Tenn. 636, 422 S.W.2d 427, and F. Perlman & Company v. Ellis (1966), 219 Tenn. 373, 410 S.W.2d 166, those claimants for benefits sustained respective scheduled losses and, in addition, different respective unscheduled injuries to other parts of their respective bodies as a whole. Here, Mr. Dalton sustained an injury to, and may sustain the loss of, his left leg. No additional injuries to his body as a whole are alleged, except those averredly proceeding from the initial injury to his leg. Whether this violates the beneficent spirit of the Tennessee Workmen's Compensation Law is a question which addresses itself to the Tennessee legislators.

"* * * Whenever it appears by suggestion of the parties * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the ac-

tion." Rule 12(h) (3), Federal Rules of Civil Procedure. Accordingly, it appearing that this Court lacks jurisdiction of the subject matter hereof, because of the absence of the jurisdictional amount, 28 U.S.C. § 1332(a) (1), this action must be, and hereby is,

Dismissed.

---

* The decision relied upon principally by the plaintiff in this regard is unpublished by the Tennessee Supreme Court, and the plaintiff neglected to comply with local Rule 11(b) so the Court could consider its application hereto.