LARRY DWIGHT NICHOLS, bnf, RAY NICHOLS,

*v.*

ARMOUR AND COMPANY.

448 S.W.2d 423

(*Nashville,* December Term, 1969.)

Opinion filed December 15, 1969.

MARSHALL E. DUGGIN, Woodbury, for plaintiff in error.

MANIER, CROUCH, WHITE & HEROD, Nashville, for defendant in error.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This is an appeal in a workmen's compensation case by the employee, Larry Dwight Nichols. In this opinion we will refer to the parties as they were in the trial court; that is, Larry Dwight Nichols as petitioner, and Armour and Company as defendant.

On June 14, 1967, petitioner, a young man, age 19, received injuries by accident arising out of and in the course of his employment with defendant. The injuries received were (1) lacerations to the face and left leg, (2) fracture of the jawbone, (3) loss of ten permanent teeth, and (4) a broken bone in the left foot. Defendant paid all medical expenses and weekly benefits on the basis of temporary total disability from June 15, 1967 to January 1, 1968. Petitioner returned to work with defendant on January 2, 1968.

The petition in this case was filed on June 12, 1968, alleging benefits due on the basis of permanent partial disability. In its answer defendant admitted petitioner was entitled to further benefits for the permanent partial disability to be computed on a basis of thirty per cent loss of the left foot. Upon the hearing the trial

judge awarded petitioner benefits for permanent partial disability computed on the basis of thirty per cent loss of use of the left foot and denied any permanent partial disability payments for the injuries to the face, gums and teeth.

Petitioner insists the award in this case should have been computed on the loss of use of the body as a whole under the omnibus clause of T.C.A. sec. 50-1007(c) rather than be confined to the loss of use of the foot, a scheduled member, under T.C.A. sec. 50-1007(c). In support of this petition, petitioner reasons in this manner. That he suffered permanent partial loss for injuries to his gum, mouth and teeth, all non-scheduled injuries, which, when considered with the loss of the use of the foot, a scheduled injury, required the award to be computed on the basis of the loss of use to the body as a whole. In support of this position petitioner cites *F. Perlman & Company, Inc. v. Ellis*, 219 Tenn. 373, 410 S.W.2d 166 (1966), and *Federated Mutual Implement & Hardware Ins. Co. v. Cameron*, 220 Tenn. 636, 422 S.W.2d 427 (1967).

The *Ellis* and *Cameron* cases stand for the proposition that where an employee has suffered loss of use of a scheduled member of the body and also out of the same accident suffered disability by the loss of use of other non-scheduled members of the body, then the trial judge can properly award benefits for permanent partial disability computed on the loss of use of the body as a whole under the omnibus clause of T.C.A. sec. 50-1007(c).

▮ The trial judge found petitioner suffered no injuries to his face, gums or mouth for which he would be entitled to benefits based on permanent partial disability. This finding is based on the fact that gums, face

and mouth have all properly healed and prosthetics made for the missing teeth. Since this finding is supported by material evidence such is binding upon us here on appeal. The issue here is whether employee would be entitled to permanent partial disability benefits for the loss of the ten permanent teeth per se, for if such be the case then the *Ellis* and *Cameron* cases would be applicable.

The issue here is of first impression in Tennessee. In fact, we have not found any Tennessee cases which by analogy would weigh upon the issue, nor are the workmen's compensation statutes of much aid. The testimony of Dr. Elmore Hill, an oral surgeon, in regard to petitoner's teeth is in the record by stipulated letter. In this letter Dr. Hill made a statement that could shed some light on this matter. The statement is as follows:

> The bony structures are all normal and so the only problem remaining is that of disability involved. It is difficult to estimate disability insofar as jaw injury is concerned since this injury under consideration in no way affects the patient's overall physical ability or disability.

From the above statement it is obvious Dr. Hill does not think the loss of permanent teeth results in a physical disability. This doctor's statement while not decisive of the issue, does shed some light on why the workmen's compensation statutes of a number of jurisdictions, including Tennessee, do not list teeth, admittedly members of the body, as one of their scheduled members requiring payment for the loss of use thereof. We also think in light of the fact that the general theory supporting workmen's compensation is payment for disability, this statement is pertinent to our decision on this issue.

Our research reveals that in a great majority of the other jurisdictions where the loss of permanent teeth is not a scheduled injury, as in Tennessee, the payments of benefits due for permanent partial disability in the loss of permanent teeth is under the disfigurement section of the statutes. See Annotation in 80 A.L.R. 970, and 116 A.L.R. 712. The Tennessee statute contains a disfigurement section in T.C.A. sec. 50-1007(c), which reads as follows:

> For serious disfigurement to the head, face or hands, not resulting from the loss of a member or other injury specifically compensated, so altering the personal appearance of the injured employee as to materially affect his employability in the employment in which he was injured or other employment for which he is then qualified, sixty-five per cent (65%) of the average weekly wages for such period as the court may determine, not exceeding two hundred (200) weeks. The benefit herein provided shall not be awarded in any case where the injured employee is compensated under any other provision of the Workmen's Compensation Law.

We hold our workmen's compensation statute does not provide for permanent partial disability payments resulting in the loss of permanent teeth per se, but that such can be a factor to be considered under the disfigurement section of our statute.

There is no evidence in the record to support an award for loss of teeth under the disfigurement section of our statute. Petitioner did not proceed under any claim of disfigurement to the head. Petitioner did claim nervousness, irritability and personality changes resulting from the accident. The trial judge found such was not

related to the injury to his face, mouth and teeth, and since there is material evidence in the record to support this finding, such is binding upon us here on appeal.

Petitioner also assigns as error the award of thirty per cent disability to the foot, alleging the percentage should have been more. The record strongly supports the trial judge on this finding and this assignment of error is overruled.

Since petitioner suffered no permanent partial disability other than to the foot, the judgment is affirmed.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.