**EMPLOYERS INSURANCE COMPANY OF ALABAMA and the Treasurer of the State of Tennessee, Appellants,**

v.

**Vernon C. HEATH, Appellee.**

Supreme Court of Tennessee.

April 26, 1976.

■■■■■■■■■■■■■■■■■■■■■■■■

John S. Tanner, Elam, Glasgow, Tanner & Acree, Union City, for appellants.

William B. Black, Tiptonville, for appellee.

COOPER, Justice.

## OPINION

This is a workmen's compensation action in which the employer's insurance carrier appeals from an adverse judgment rendered in the Chancery Court of Obion County. The employee, Vernon C. Heath, was employed as a furniture route salesman and collector and, as such, was required to deliver and repossess furniture. In December, 1973, Mr. Heath injured his back while loading a sofa in the course and scope of his employment. Treatment of the injury required surgery to remove the disc in the L–5 interspace. The chancellor found that Mr. Heath had sustained a sixty percent permanent partial disability of the body as a whole and awarded benefits accordingly. Appellant insists there is no material evidence to support the decree of the chancellor.

On the issue of disability Dr. Joseph Miller, who performed the operation, testified that the surgery left Mr. Heath with a permanent partial disability of fifteen percent to the body as a whole. He further testified that the disability prevented Mr. Heath from doing work which required repeated stooping or bending or lifting of objects weighing more than forty pounds.

Dr. Harold Butler, a treating physician, testified that Mr. Heath had an anatomical disability of twenty percent to the body as a whole as the result of the back injury and consequent surgery. When asked if there was another method of fixing disability "based on a man's industrial work," Dr. Butler testified there was and that when this method was used it would run Mr. Heath's disability up to thirty or thirty-five percent." Dr. Butler was then asked:

"Q. And I ask you again, doctor, is that your best opinion based on your knowledge of his history, and of the medical knowledge that you have concerning him?

"MR. TANNER: We would like to renew our objection to this whole line.

"DR. BUTLER: No sir, this is not my opinion. You asked me about another way of doing it, and I just explained this. My opinion would be the twenty percent (20%) disability.

"Q. As being the strict anatomical disability.

"A. Yes sir."

Dr. Butler also testified that appellee's disability would prevent him from doing work that required repeated bending or the lifting of more than forty pounds.

Mr. Heath testified that he quit school in the ninth grade and has had no specialized training that would permit him to do other than manual labor. He further testified that after his operation he attempted to work as a "termite and pest control man" and was unable to do the work because of the limitations resulting from the back operation.

Other lay witnesses testified as to the inability of Mr. Heath to do work around the house as he had in the past.

■■■ Appellant insists the chancellor erred in permitting Dr. Butler to testify concerning the second way to determine disability of a workman, and further insists that if the evidence was admissible, the benefits awarded Mr. Heath must be limited to the thirty to thirty-five percent testified to by Dr. Butler. We see no merit in either insistence.

■■■ Medical causation and the permanency of an injury must be established by expert medical testimony. *Floyd v. Tennessee Dickel Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971). But once they are established the chancellor is not required to accept the doctors' opinions of the extent of the workman's disability, but is entitled to determine the extent of disability from all

the evidence, both expert and nonexpert. *A. C. Lawrence Leather Company v. Loveday,* 224 Tenn. 317, 455 S.W.2d 141 (1971). In doing so, the chancellor considers many pertinent factors, including job skills, education, training, duration of disability, and job opportunities for the disabled, in addition to the anatomical disability testified to by medical experts. *See Federated Mutual Implement & Hardware Ins. Co. v. Cameron,* 220 Tenn. 636, 422 S.W.2d 427 (1967).

On considering the medical evidence and other factors having a bearing on the issue of disability, the chancellor concluded that the evidence showed that appellee had a permanent partial disability of thirty-five percent to the body as a whole. This finding in our opinion is supported by material evidence.

Counsel for appellee has moved this court to enter judgment against appellant for damages allegedly incurred by appellee as the result of the appeal, citing T.C.A. 27-124 which provides that this court may enter such a judgment "when it appears . . . that the appeal from a court of record was frivolous or taken solely for delay." On considering the appeal and the affidavit filed in support of the motion, which incidentally contains charges not properly attributable to the appeal, we find no merit in the motion and decline to enter a judgment against appellant for charges and expenses incurred by appellee in defending the appeal.

The decree of the chancellor is affirmed, with costs to be paid by appellant.

The death of the appellee has been suggested and the action has been revived in the name of the administratrix of the appellee's estate. The action therefore is remanded to the trial court for further proceedings consistent with the decree of the chancellor, as affirmed, and with the issues arising out of the death of appellee.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.