The TRANE COMPANY and Employers Insurance of Wausau, Appellants,

v.

Phillip D. MORRISON, Appellee.

Supreme Court of Tennessee.

Jan. 30, 1978.

Luther E. Cantrell, Jr., Smith, Davies, Smith & Cantrell, Nashville, for appellants.

Thomas R. Meeks, Clarksville, for appellee.

## OPINION

FONES, Justice.

Defendants, Trane Company and its insurer, appeal from a decree awarding permanent total benefits to employee, Phillip Morrison. Defendants admit plaintiff suffered a compensable injury and is entitled to benefits, but attack the admissibility and efficacy of the medical proof.

Plaintiff was injured on November 14, 1973. Following a myelography, an operation was performed on January 10, 1974, and an extruded disc removed from the L–4,5 space. On January 13, 1974, while still confined to the hospital, plaintiff slipped and fell in the bathroom. Plaintiff acknowledged that he fell on his buttocks, and that it was a hard fall rendering him semiconscious. However, there is no indication in the medical testimony that the fall contributed to plaintiff's continuing pain and disability following the disc surgery.

He consulted a number of doctors but testified that none of the treatment administered improved his condition; that he had not worked since the November, 1973, accident and was not able to perform any work he was qualified to do.

The first assignment of error complains of the admission in evidence of the deposition of Doctor Balensweig on the ground that proper notice of the taking of the deposition was not given. The deposition of Dr. Balensweig was taken in New York City on August 25, 1975. The technical record contains a motion filed by defendant on December 15, 1975, excepting to the deposition of Dr. Balensweig on the ground that it had been taken and filed without notice, and an order entered February 10, 1976, reciting that the motion was heard on January 29th and overruled. At the trial of the case on April 30, 1976, defendants' attorney asked permission of the court to have the reporter mark as exhibits copies of letters "that were introduced as exhibits when we argued the motion pertaining to Dr. Balensweig's deposition . . . ."

We must assume that when the letters were "introduced" at the January 29th hearing, proof was adduced with respect to when and by whom the letters were written, mailed, received or not received, as such evidence was necessary to determine the issue raised by the defendants. Defendants having failed to preserve that evidence in the bill of exceptions, we must conclusively presume that it was sufficient to justify the ruling of the trial judge. See *Southern Foundry Supply, Inc. v. Spang & Co.*, 225 Tenn. 447, 470 S.W.2d 187 (1971).

We observe, parenthetically, that facially, if both letters were mailed on the respective dates shown, plaintiff's notice was in compliance with Tennessee Rules of Civil Procedure 30.01 and 5.02 and defendants' only remedy was to seek relief under Rule 30.02 prior to August 25, 1975, if they desired additional time or a change of place or other relief. Defendants' reliance in their brief on T.C.A. 24–901, *et seq.*, is misplaced.

Next, defendants contend that a portion of plaintiff's disability resulted from the fall sustained while a patient at Baptist Hospital; that the negligence of the hospital was an intervening cause; that plaintiff failed to distinguish the amount of permanent disability that resulted from the work related accident from that disability as aggravated by the hospital fall; and therefore the trial judge's award was erroneous. There is no merit to the first assignment of error.

Defendants' contentions are fully answered in the cases of *Forest Products, Division of Ludlow Corp. v. Collins*, 534 S.W.2d 306 (Tenn.1976), *Knox Porcelain Corp. v. Dockery*, 223 Tenn. 64, 442 S.W.2d 607 (1969), *Mallette v. Mercury Outboard Supply Co.*, 204 Tenn. 438, 321 S.W.2d 816 (1959), and *Revell v. McCaughan*, 162 Tenn. 532, 39 S.W.2d 269 (1931).

The remaining assignments of error raise the single question of whether there was any material evidence to support the finding of the trial court that plaintiff was totally and permanently disabled.

Defendants insist that Dr. Balensweig's deposition was the only medical proof offered by plaintiff, and, as it failed to estab-

lish any causal relationship between the disabilities found by Dr. Balensweig and his job related injury, no award of permanent disability should have been made.

Defendants overlook the admission in their answer and the deposition of Dr. Arnold Meirowsky, filed pursuant to order of the trial judge to produce all the medical testimony available to the parties.

Defendants' answer, after denying that plaintiff was totally permanently disabled, admitted that "Dr. Thomas Parrish, the treating and operating physician, had stated the complainant sustained a 15% permanent partial impairment to the body as a whole," further asserted that defendants had offered benefits on that basis, and reasserted the offer as a continuing one. That pleading was in effect a binding admission for all purposes, that plaintiff sustained an accidental injury causally connected with his employment by Trane Company, and that his injury had resulted in a medically determined permanent partial disability.

Dr. Meirowsky examined plaintiff December, 1974, and performed a myelogram in January, 1975. The substance of his testimony was that plaintiff's continuing pain and alleged poor results following this surgery by Dr. Parrish might be caused by a small disc fragment or scar tissue pressing against a nerve root. Dr. Meirowsky advised that plaintiff should consider a second operation to decompress the nerve root. He affirmed that plaintiff had and would continue to have permanent disability even following a successful second operation. However, it was his opinion that fifteen percent permanent partial disability was a generous rating.

Dr. Balensweig examined plaintiff on May 29, 1975. His findings were essentially the same as Dr. Meirowsky's but his recommendations were materially different. He did not recommend surgery "at this time." He recommended trunk exercises, injections of cortisone or demirol into the spinal canal and a pill called dilantin, for nerve root inflammation. When his deposition was read at the trial, defendants' objection to the question and answer calling for Dr. Balensweig's opinion as to the extent of plaintiff's permanent disability was sustained. However, in response to another question Dr. Balensweig testified without objection, as follows:

"Even with the treatment, I don't think he can recover completely. Without the treatment he is totally disabled."

Dr. Balensweig apparently recommended, if his conservative treatment failed, the rhizotomy, which would involve cutting the sensory branches of the L–5 nerve root which he felt was causing plaintiff's pain.

Dr. Meirowsky, whose deposition was taken after that of Dr. Balensweig, violently disagreed with any suggestion of a rhizotomy or spinal canal injections.

Plaintiff was asked if he had sought or taken the treatments recommended by Dr. Balensweig and responded that he had attempted to, but had been unable to obtain them.

When causal connection and permanency of the injury have been established by expert medical testimony, the trial judge is not bound to accept the doctors' opinions of the extent of the employee's disability. In determining work disability as distinguished from clinical disability, the trial judge is entitled to consider the employee's job skills, education and training, duration of disability, and job opportunities for the disabled. *Employers Ins. Co. v. Heath*, 536 S.W.2d 341 (Tenn.1976).

In reviewing the award of the trial court, it is not for us to determine whether we agree with his findings, but only whether there was material evidence to support those findings. *Bevis v. Southern*, 489 S.W.2d 35 (Tenn.1973).

Plaintiff, his brother, and his sister, testified that plaintiff's only work experience was at Trane Company and at a restaurant, and he was only qualified for manual labor; that his efforts at even light work around the house and at his mother's restaurant demonstrated that he could not hold such a job.

Affirmed. Costs are adjudged against defendants.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.