Franklin **BAILEY,** Plaintiff-Appellee,

v.

**KNOX COUNTY, TENNESSEE,**
Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

June 22, 1987.

Richard T. Beeler, Knoxville, for defendant-appellant.

Robert T. Mann, W. Conway Garlington, Knoxville, for plaintiff-appellee.

BROCK, Chief Justice.

In this worker's compensation case the chancellor awarded benefits to the employee for forty percent permanent partial disability to his body as a whole resulting from an injury to his lower back suffered in the course and scope of his employment.

■ The defendant admits that the injury is compensable and on this appeal raises the sole issue that the evidence does not support the amount of disability awarded by the trial court. The gist of the defendant's argument is that since the testimony of the medical expert, Dr. Martin R. Baker, Jr., was that plaintiff had sustained a seven percent permanent partial impairment to the body as a whole, the chancellor was not justified in awarding permanent partial disability of forty percent to the body as a whole.

This argument of the defendant overlooks the well established rule in worker's compensation law that the trial judge, in fixing the extent of disability, is not limited to the estimates of anatomical impairment estimated by the medical experts. We recently set out the proper rule as follows:

> In considering this issue [extent of disability] it must be kept in mind that this Court makes a clear distinction in worker's compensation cases between anatomical impairment as determined by a physician and disability to work which results from such impairment. *Federated Mut. Implement & Hardware Ins. Co. v. Cameron,* 220 Tenn. 636, 422 S.W.2d 427 (1967). In *Cameron* this Court recognized that in determining what may constitute permanent and total disability many pertinent factors should be considered, including the skills, education and training of the employee as well as job opportunities and other factors bearing upon employability. In determining the sufficiency of the evidence to support a finding of disability under the act, once permanency and causation are estab-

lished by medical testimony, as has been done in the instant case, the extent of such disability may be determined from lay testimony and from other evidence as well as from medical evidence. *Kellwood Co. v. Gibson*, Tenn., 581 S.W.2d 645 (1979). In such cases the trial judge is not bound to accept physicians' opinions of the extent of the employee's disability but is entitled to determine the extent of disability from all of the evidence, both expert and non-expert. *Trane Co. v. Morrison*, Tenn., 566 S.W.2d 849 (1978); *Employers Insurance Company of Alabama v. Heath*, Tenn., 536 S.W.2d 341 (1976).

*Hinson v. Wal-Mart Stores, Inc.*, Tenn., 654 S.W.2d 675, 677 (1983).

In the instant case, the trial judge considered not only the medical testimony but also evidence that the employee had only an eighth grade education and possessed only the work skills of a common laborer and truck driver and in addition thereto, testimony of the plaintiff himself that he was unable to return to certain previous employments and that Doctor Baker limited the plaintiff's lifting to weights of not more than fifteen pounds. There was also evidence that the employee attempted to return to his employment but after six months was forced to quit because of the attendant pain.

Our conclusion is that considering all of the evidence the trial court was fully justified in fixing the employee's permanent partial disability at forty percent to the body as a whole. We affirm that award.

■ The employee invokes T.C.A. § 27-1-122 and petitions this Court to award damages for frivolous appeal as provided by that statute. Upon consideration of the evidence in the record, the pleadings, the briefs and the arguments in this Court, we conclude that the appeal is indeed frivolous and that damages should be awarded. The only issue presented by the defendant on appeal is essentially factual and is supported by abundant evidence. Liability was conceded. This, then, is the very kind of case for which the frivolous appeal statute was designed to apply. *Davis v. Gulf Insurance Group*, Tenn., 546 S.W.2d 583 (1977); *Liberty Mutual Insurance Co. v. Taylor*, Tenn., 590 S.W.2d 920 (1979); *Lambert v. Travelers Ins. Co.*, Tenn., 626 S.W.2d 265 (1981); *CNA Insurance Co. v. Transou*, Tenn., 614 S.W.2d 335 (1981).

We, therefore, find this appeal to be frivolous and award to the appellee damages against the appellant to consist of costs incurred upon appeal, interest and expenses incurred by the appellee as a result of the appeal, including a reasonable attorney's fee, and we remand this case to the chancellor for a determination of a proper damage award. In all other respects the decree of the chancellor is affirmed.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.