### Jhy D. JOHNSON

v.

### LOJAC MATERIALS, INC.

Supreme Court of Tennessee,
Special Workers' Compensation Appeals
Panel at Nashville.

January 25, 2001 Session.

May 7, 2001.

James H. Tucker, Jr., Manier & Herod, Nashville, TN, for appellant, Lojac Materials, Inc.

William E. Farmer, Lebanon, TN, for appellee, Jhy D. Johnson.

### JUDGMENT

PER CURIAM.

This case is before the Court upon Applicant's motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well-taken and should be DENIED; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Court further recommends that the Special Workers' Compensation Appeals Panel opinion be published.

Costs will be taxed to the parties equally for which execution may issue if necessary.

DROWOTA, J., not participating.

JOE C. LOSER, JR., Sp. J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, J., and JOHN K. BYERS, SR. J., joined.

### MEMORANDUM OPINION

This workers' compensation appeal has been referred to the Special Workers'

Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. In this appeal, the employer insists the award of permanent partial disability benefits based on 50 percent to the left hand is excessive. The employee contends the award is inadequate. As discussed below, the panel has concluded the judgment should be affirmed.

The employee is 26 years old and a high school graduate with some experience as an unskilled laborer. While at work on June 1, 1999, the employee or claimant, Johnson, caught his hand in a machine, fracturing the third and fourth metacarpals. He underwent surgery and was released to return to work without any permanent restrictions on July 27, 1999. He did not return to Lojac, but did return to work.

The surgeon assessed his permanent impairment at 2 percent to the hand. An independent medical examiner assessed his permanent impairment at 3 percent to the hand. The injured worker says he cannot do some things he did before the injury.

Upon the above summarized evidence, the trial judge awarded permanent partial disability benefits based on 50 percent to the hand. Appellate review is de novo upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2). The panel is not bound by the trial court's findings but conducts an independent examination of the evidence to determine where the preponderance of the evidence lies. *Wingert v. Government of Sumner County,* 908 S.W.2d 921 (Tenn. 1995).

Extent of vocational disability is a question of fact. *Seals v. England/Corsair Upholstery Mfg.,* 984 S.W.2d 912, 917 (Tenn. 1999). Once the causation and permanency of an injury have been established by expert testimony, the trial judge may consider many pertinent factors, including age, job skills, education, training, duration of disability, and job opportunities for the disabled, in addition to anatomic impairment, for the purpose of evaluating the extent of a claimant's permanent disability. *McCaleb v. Saturn Corp.,* 910 S.W.2d 412 (Tenn.1995). It has long been the rule that the opinion of a qualified expert with respect to a claimant's clinical or physical impairment is a factor which the court will consider along with all other relevant facts and circumstances, but it is for the court to determine the percentage of the claimant's industrial disability. *Federated Mut. Imp. & Hardware Ins. Co. v. Cameron,* 220 Tenn. 636, 422 S.W.2d 427 (1967). From our independent examination of the record and a consideration of the above principles, we cannot say the evidence preponderates against the trial court's award.

The judgment of the trial court is accordingly affirmed. Costs on appeal are taxed to the parties equally.