INDUSTRIAL COATED PRODUCTS OF AMERICA, INC.

*v.*

MARTIN J. BUCHANAN

450 S.W.2d 566.

(*Knoxville,* September Term, 1969.)

Opinion filed February 16, 1970.

GORE, LADD & GILLENWATER, Bristol, and WOODWARD, MILES & FLANNAGAN, Bristol, Va., RICHARD E. LADD, Bristol, of counsel, for plaintiff in error.

SLAUGHTER & JACKSON, Bristol, THOMAS L. RASNIC, Bristol, of counsel, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal by Industrial Coated Products of America, Inc., from a decree of the Chancery Court of Sullivan County. That court awarded employee, Martin J. Buchanan, workmen's compensation benefits for 100% loss of use of the middle finger of the right hand.

Hereinafter, the parties will be referred to as follows: Martin J. Buchanan as petitioner and Industrial Coated Products of America, Inc., as defendant.

On December 17, 1968, petitioner filed his suit seeking workmen's compensation benefits. It was alleged that petitioner suffered severe and permanent injuries to his right hand and right middle finger as a result of an accident which occurred when petitioner's hand became caught in a machine.

On April 4, 1969, defendant filed its answer in which it denied that petitioner suffered any permanent disability as a result of the accident.

The cause came on to be heard on June 6, 1969. On June 23, 1969, the Chancellor entered his decree and findings of fact, in which it was held that petitioner sustained an industrial injury to the middle finger of his right hand, which is equivalent to an industrial loss of the use of that finger.

Motion for new trial was made and overruled, whereupon defendant perfected its appeal to this Court.

Defendant has filed two assignments of error, as follows:

"1. The trial court erred in finding a one hundred percent (100%) permanent disability to the second or middle finger of the right hand, since there was no material evidence of any permanent disability.

2. The trial court erred in finding a one hundred percent (100%) permanent disability to the second or middle finger of the right hand, since there was no material evidence of any injury or disability to said finger below the first phalange."

Petitioner was 48 years of age at the time of the trial. While in the employ of defendant he was a machine operator. On October 18, 1968, petitioner sustained the injury in question. The laceration removed the flexor surface or flesh pad of the end of the right middle finger. This piece of tissue was sutured back over the raw tissue. At the end of his treatment, the attending physician stated that petitioner had complete extension and flexion of his finger and scar tissue was developing over the pad of the finger.

Petitioner is no longer in the employ of defendant, but testified that he was a machine operator and mechanic by trade.

Defendant's first assignment of error argues that there was no material evidence of permanent disability.

Petitioner, himself, testified that his finger is numb on occasions; that it is very sensitive; that he has difficulty using his right hand while working with delicate machinery and tools.

Dr. King A. Jamison testified that petitioner would have a minimal disability with respect to work which required complete function of the sense of feel of that finger.

This Court has held that the lower court may base its findings upon all the evidence, medical and lay, with respect to extent of disability. *Bush Bros. & Co. v. Williams* (1954) 197 Tenn. 334, 273 S.W. 2d 137.

Since there is material evidence to support a finding that petitioner suffered a permanent disability, the first assignment is overruled.

The second assignment of error contends that the trial court erred in finding a 100% disability to the finger, since there was no injury below the first phalange.

In this respect, defendant relies upon the opinion of this Court in *Shores v. Shores* (1965) 217 Tenn. 96, 395 S.W.2d 388. In that case the petitioner suffered a 75% loss of use of one foot. It was held that, since injury to the foot was a scheduled injury under T.C.A. sec. 50-1007 (c), benefits were limited to 75% of the amount for the loss of one foot, and could not be assessed to the body as a whole.

Defendant contends that, since the loss of the first phalange of any finger is a scheduled injury, award cannot be assessed to the entire finger.

Petitioner argues that the *Shores* case stands merely for the proposition that where an employee has suffered a scheduled injury, an award on a basis of the body as a whole is interdicted.

The only distinction between *Shores* and the instant case is that here an award was made, not to the body as a whole, but only to the finger as a whole.

T.C.A. sec. 50-1007(c) provides:

"For the loss of the first phalange of the thumb, or of any finger, which shall be considered equal to the loss of one-half (½) of such thumb, or finger, compensation shall be paid at the prescribed rate during one-half (½) of the time specified above for such thumb or finger."

It is our view that the rationale of the Shores case is controlling here, for as the Court in that case held, when a loss or loss of use is specifically provided for in

the Compensation Act, then this provision, and it alone, fixes the totality for which benefits can be allowed. The same principle is restated in *Chapman v. Clement Brothers, Inc.* (1968) 222 Tenn. 223, 435 S.W.2d 117. This conclusion is essential to keep the statutory provision here applicable in the instant case consonant with the Act, generally.

It is undisputed that the injury was limited to the first phalange of petitioner's finger.

Dr. Jamison testified that petitioner had complete extension and flexion of his finger.

Petitioner, himself, on direct examination, testified as follows:

"Q. Mr. Buchanan, in your occupation there what do you notice causes you trouble with that hand today?

A. Well, being my middle finger, it extends out past my other fingers, and if I try to work with it, hit anything or touch it against something, it hurts, and actually it would be better if it wasn't there, that *first joint*." (Emphasis added.)

It follows that the decree of the Chancellor is modified as follows: Compensation of $42.00 per week shall be recovered for 15 weeks, in lieu of 30 weeks, as provided in the decree. Costs of this appeal shall be assessed equally between the parties.

DYER, CHIEF JUSTICE, HUMPHREYS and MCCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.