**GREGORY COMPANY et al., Appellants,**

v.

**Steve DURDIN, Appellee.**

Supreme Court of Tennessee.

May 17, 1976.

W. H. Lassiter, Maddox, Lassiter & Jones, Huntingdon, for appellants.

William A. Derington, Jr., Camden, for appellee.

## OPINION

BROCK, Justice.

This is a workmen's compensation case. The only question presented by this appeal is whether the record contains any material evidence to support the decree of the Chancellor determining the appellee's permanent partial disability to be 60% of the body as a whole. We have concluded that the record does, in fact, contain such supporting evidence.

Petitioner is a twenty-one year old construction worker with a high school education. On October 24, 1973, he was operating a large earth moving machine when it ". . . caught a real big chuck hole in the road and threw (him) into the canopy overhead and hurt (his) back." He was taken to a hospital where he was a patient for two days. Later, he was treated by Dr. John C. Brothers, an orthopedic surgeon, who hospitalized him for about ten days. He testified that he was never physically able to return to his job as operator of heavy earth moving equipment and has been able to do only "very little, if any, work since the accident." Instead, he is attending a vocational school to learn to be a welder.

Dr. Brothers, who examined petitioner first on October 27, 1973, and last on November 26, 1974, testified that petitioner sustained a compression fracture of the first lumbar vertebra, which has caused a permanent medical impairment of the body as a whole of from 5 to 10 percent.

Dr. Robert J. Barnett, an orthopedic surgeon, testified that petitioner suffers from "a severe compression fracture of the first lumbar vertebra," that this injury has caused limitation of motion and "will give him some weakness of his back, particularly with heavy lifting." He is also of opinion

that heavy work will have to be limited by petitioner "for the rest of his life," and that objects weighing over fifty pounds should not be lifted. He estimated the petitioner's disability from the injury to be 15% to the body as a whole "on an anatomical basis."

As already stated, we think that the above testimony of the petitioner and his physicians supports the finding of the Chancellor fixing permanent partial disability at 60% of the body as a whole. In determining the extent of disability, the trial judge is not bound to accept the testimony of any witness, but may determine from all the evidence the extent of disability, if any. *Consolidation Coal Co. v. Pride*, 224 Tenn. 188, 452 S.W.2d 349, 352 (1970); *A. C. Lawrence Leather Co. v. Loveday*, 224 Tenn. 317, 455 S.W.2d 141 (1970); *Industrial Coated Products of America, Inc. v. Buchanan*, 224 Tenn. 69, 450 S.W.2d 566 (1970). The testimony of the injured employee with respect to the extent of his disability may be accepted over the testimony of medical experts. *Fidelity & Casualty Co. v. Treadwell*, 212 Tenn. 1, 367 S.W.2d 470 (1963); *Hamlin & Allman Iron Works v. Jones*, 200 Tenn. 242, 292 S.W.2d 27 (1956). And, the measure of "disability" under the workmen's compensation law is not provided by the narrow concept of "medical disability" or "anatomical impairment"; it includes additional pertinent factors, such as skill, education, training, duration and job opportunity for the disabled. *Federated Mutual Implement & Hardware Ins. Co. v. Cameron*, 220 Tenn. 636, 422 S.W.2d 427 (1967).

The decree of the Chancellor is affirmed. Costs incurred by this appeal are taxed against appellants.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.