GENESCO, INC., Appellant-Defendant,

v.

Willie Evelyn CREAMER,
Appellee-Plaintiff.

Supreme Court of Tennessee.

June 25, 1979.

David Young Parker, Nashville, for appellant-defendant.

Robert W. Knolton, Columbia, for appellee-plaintiff; Hardin & Knolton, Columbia, of counsel.

## OPINION

HARBISON, Justice.

In this workmen's compensation case the employer appeals from the Chancellor's award of benefits to the employee for total and permanent disability. The trial record and supporting medical data are extensive. The principal issue at trial was whether or not a painful condition in the employee's left foot was or was not causally related to her employment, within the coverage of the Workmen's Compensation Act. Little emphasis has been given by the parties to the fact that the only injury and the only disability established by evidence were to a scheduled member, the left foot, and not to the body as a whole.

After careful examination of the record, which contains highly conflicting medical proof, we are of the opinion that there was material evidence to support the finding of the trial judge that the injury sustained by the employee was work-related and that she is entitled to workmen's compensation benefits. There is no evidence, however, lay or medical, to take this case out of the schedule contained in the statute, T.C.A. § 50-1007. Accordingly we vacate the award of total permanent disability and remand the case to the trial court for further proceedings.

Appellee had been employed in the appellant's shoe factory in Hohenwald, Tennessee for some thirty-two years when she sustained an accidental injury to her left foot on January 12, 1977. She was then fifty-three years of age. Although she was illiterate, she had been a diligent and competent employee, having performed many different jobs in the plant over her long period of employment. For several years prior to the date of the accident, she had been working in the packing department. This work involved her pushing movable metal racks from place to place within her work area. Near the end of her shift on the date of the accident, January 12, 1977, she severely stubbed or wrenched her left foot while moving an empty rack. She immediately reported her injury to fellow employees.[1] Appellee never returned to work following the accident. On the trial date in August 1978, she was able to walk only on crutches and had been in that condition for most of the time since her injury.

Appellant concedes that there was ample material evidence to support the finding of the trial judge that the employee did sustain a traumatic injury on the date claimed, but it insists that there is no evidence that there was any causal connection between that incident and a chronic painful condition in her foot of which she has continuously complained since the date of the accident. It is the contention of the employer that the employee's left foot became painful because of pre-existing disease or illnesses from which appellee suffered, or that it was the result of a "mechanical problem" in the alignment of the bones in her foot, not related to her employment.

There was medical evidence which would have sustained a finding to that effect, had it been accepted by the trial judge. Appellee had been under the care of her family physician, Dr. Parker D. Elrod, since 1960. In the years between that time and the date of the accident, she had suffered from rheumatoid arthritis and a mild case of diabetes, as well as other illnesses, any one of which might have been responsible for a painful condition in her foot. She had complained to this doctor of pain in her left foot as late as August 1976.

In November 1976 appellee had been treated by Dr. D. J. Favenesi, and he had performed surgery, removing a neuroma from the foot. Appellee had convalesced from this operation for a period of several weeks during the latter part of 1976 and early 1977. She had returned to work, however, on January 3, 1977 and had worked without pain, difficulty or symptom until she sustained the accidental injury on which the suit is predicated, about eight working days later.

Immediately after the injury, on January 13, 1977, appellee consulted Dr. John G. Shuttleworth. He testified that initially he was not given a history of a traumatic injury on the preceding day, but later testified that appellee did complain of pain of some twenty-four hours duration when he first saw her. He attempted extensive examination and treatment of her left foot, without success. It was his opinion that there was no causal relation or connection between the accident on January 12, 1977 and her subsequent chronic painful and disabling condition.

Because her foot continued to cause extreme pain on weight bearing during the spring and summer of 1977, appellee consulted Dr. Kenneth L. Moore, an orthopedic specialist, in September of that year. He also performed extensive examination and was still treating appellee when the case was tried. Although he did not see the employee for nearly nine months after the accident, it was his professional opinion that there was a causal connection between her injury at work and her subsequent disabling condition. He was cross-examined extensively, and counsel for appellant sought to discredit his testimony. Nevertheless the trial judge concluded that Dr. Moore's testimony, taken in conjunction with the uncon-

---

1. Although the employer originally raised an issue of notice in its pleadings, this was abandoned at trial.

tradicted lay evidence in the record, constituted material and substantial evidence to connect the employee's disability with her injury on the job. We concur in that conclusion.

■ This Court, on appeal of workmen's compensation cases, does not review the trial evidence de novo as in most non-jury cases under T.C.A. § 27–303. Rather, review is narrowly prescribed under an appeal in the nature of a writ of error, T.C.A. § 50–1018, and our examination of the record is confined to questions of law, including determination of whether there is any material or substantial evidence to support factual conclusions of the trial judge. This involves our evaluation of the entire record, and not just the record at the conclusion of the plaintiff's evidence as insisted in appellant's first assignment of error, which is overruled. Appellant's second assignment of error, that there is no material evidence to support the compensation award is also overruled.

The third assignment of error made in this Court is that the award of total permanent disability was not justified by the evidence. This assignment is sustained, although on grounds somewhat different from those asserted by appellant. As stated previously, the issue of the degree and extent of disability was obscured in the development of medical proof and in the trial of this case, because of the employer's strong insistence that there was no causal connection between the incident reported on January 12, 1977 and appellee's chronically painful condition thereafter.

Both Dr. Moore and Dr. Shuttleworth were of the opinion that the painful condition of appellee's left foot was permanent in nature. Dr. Moore testified that there was a chronic soreness in the foot, particularly on weight bearing, together with an osteoporosis, or loss of calcium in the bone, which is also painful. He felt that these two conditions were closely related to the point of being practically inseparable, and, as previously stated, expressed the opinion that they were the result of the employee's accidental injury at work.

Only Dr. Moore undertook to give a disability rating, and he expressed this in terms of ten percent permanent partial disability to the left foot. He declined to translate this into a disability rating to the body as a whole, and his is the only medical rating contained in the record.

There is no evidence of any other injury or job-related disability to any other member of the body. The loss of, or loss of use of, a foot is a specifically scheduled injury under T.C.A. § 50–1007. In 1963 portions of the statute dealing with unscheduled permanent partial disability were amended by the additional provision that:

"The benefits provided by this paragraph shall not be awarded in any case where benefits for a specific loss is otherwise provided in this title." T.C.A. § 50–1007(c).

Despite earlier cases to the contrary, this Court in Shores v. Shores, 217 Tenn. 96, 395 S.W.2d 388 (1965), on facts similar to those presented here, noted the 1963 amendment and held that where the only injury is to a scheduled member, the scheduled benefits are exclusive and prohibit an award of permanent partial disability to the body as a whole. In that case an employee had suffered a crushing injury to the toes and the ends of the metatarsal bones of his right foot. The trial court awarded temporary total disability benefits and sixty-five percent permanent partial disability to the body as a whole. This Court reversed the latter award and allowed compensation only for a percentage disability for loss of use of a foot.

The holding in that case was reiterated in Chapman v. Clement Bros., Inc., 222 Tenn. 223, 435 S.W.2d 117 (1968). Again referring to the 1963 amendment and its provision that scheduled benefits are exclusive, the Court said:

"This being true there is nothing that the court has any right to do when the facts show, as they do here that this was a scheduled injury—this was purely a medical question as to what part of the body was injured, which was the right extremi-

ty—there is nothing that we under the Act as it now exists can do except allow the disability for the scheduled member as this was the only thing that was injured. The statute relating to scheduled benefits has arbitrarily fixed the amount of compensation to be paid." 222 Tenn. at 232, 435 S.W.2d at 121.

While this Court, in the more recent case of *Continental Ins. Cos. v. Pruitt*, 541 S.W.2d 594 (Tenn.1976), limited the *Chapman* case to its facts insofar as the definition of an "extremity" was concerned, it did not overrule *Chapman* or modify its holding that injuries to scheduled members are limited to the benefits set out in the statute.

The *Chapman* case was applied and followed in the cases of *Industrial Coated Products of America Inc. v. Buchanan*, 224 Tenn. 69, 450 S.W.2d 566 (1970) and *Washington County Board of Education v. Hartley*, 517 S.W.2d 749 (Tenn.1974).

■ Since the only medical rating given to appellee was ten percent disability of the left foot, the trial judge was not justified in making an award of permanent disability to the body as a whole. On the other hand, in view of the award which he did make, we do not believe that we would be justified in limiting the recovery to the medical rating. Accordingly we remand the case to the trial court for determination of permanent partial disability, not to exceed that provided for total loss of use of a foot, and for consideration of whether any award for temporary disability, total or partial, would be appropriate. No such allowance was made at the trial.

The cause is remanded to the trial court for further proceedings consistent herewith, and for the entry of such further orders as may be necessary or proper. In our discretion we tax all costs incident to the appeal against appellant. Costs in the trial court will be adjudged there.

HENRY, C. J., FONES and BROCK, JJ., and TODD, Special Judge, concur.