GENERAL SMELTING AND REFINING,
INC., an Aetna Life and Casualty
Insurance Company, Appellants,

v.

Terry Richard WHITEFIELD, Appellee.

Supreme Court of Tennessee.

Feb. 12, 1979.

W. A. Moody, Nashville, for appellants.

Thomas L. Reed, Jr., Murfreesboro, for appellee.

## OPINION

FONES, Justice.

This workmen's compensation case arises out of devastating second and third-degree burn injuries plaintiff, Terry Whitefield, a twenty-five year old manual laborer, received in the course of his employment with General Smelting and Refining. The learned trial judge found plaintiff retained permanent impairment to four scheduled members, assessed his disability at fifty

percent to the body as a whole and ordered defendant to pay plaintiff the sum of $85.00 per week for 200 weeks and $360.00 for medical-related transportation expenses incurred by plaintiff.

On appeal, the employer and its insurance carrier, Aetna Life and Casualty Insurance Company, challenge the award, asserting there was no material evidence to support either the finding of disability to the individual members or the verdict granting fifty percent permanent disability to the body as a whole.

On February 6, 1976, plaintiff was working on a furnace when a problem developed with a pump, requiring plaintiff and another worker to use buckets to catch the overflowing molten lead, which maintained a constant temperature of 2000 to 2500 degrees Fahrenheit. While attempting to pull away a bucket, plaintiff slipped and fell on top of the overflowing hot liquid. Plaintiff testified he fell into the liquid in a "push-up" stance but was pulled out by his collar by his co-worker. Plaintiff was rushed to Williamson County Hospital and then was transferred to Vanderbilt Hospital, where he received treatment for second and third-degree burns to twelve percent of his body from February 6 until April 3. After he was released, however, plaintiff continued to receive out-patient therapy treatment at Vanderbilt Hospital, which necessitated his travelling sixty miles round-trip from plaintiff's home in Franklin. On July 11, 1976, plaintiff was again hospitalized for four days to have the fingers on his right hand straightened. At trial, plaintiff testified as to the nature of his present disabilities, showed his injuries to the trial judge and provided a numerical estimate on the "practical disability" to his four extremities—fifteen percent to left arm, fifty percent to right arm, twenty-five percent to left leg and thirty percent to right leg. He also complained of general discomfort and poor circulation in his arms and legs. Plaintiff's mother testified concerning the extent of his disabilities, as she observed in their home.

The only medical evidence introduced was the deposition of Dr. David G. Bowers, Jr., a plastic surgeon on the staff of Vanderbilt Hospital. Doctor Bowers deposed that he treated plaintiff during the periods in question, describing the nature of the reconstructive surgery and skin grafts that he performed. Based upon the American Medical Association rating book, Dr. Bowers assessed a thirty-six percent impairment to plaintiff's right hand because of the limited flexibility in four fingers, which translated into a thirty-two percent rateable impairment to his right upper extremity. Doctor Bowers also stated that there were scars on plaintiff's left hand and feet as a result of the burn injuries and skin grafts. However, though Dr. Bowers assessed no rateable impairment to plaintiff's feet and left arm, "Technically," he said, "we have to state that it is not as durable as normal skin and it is more susceptible to injury and disease." The context of the doctor's testimony leaves no doubt but that plaintiff's increased exposure to injury and disease is of permanent duration.

Appellants assign as error that there was no material evidence to support the trial judge's finding that plaintiff sustained "impairment or disability" of fifty percent to his right arm, twenty percent to his left hand, twenty-five percent to his right foot and fifty percent to his left leg. They contend that at most Dr. Bowers' deposition only supports a finding of a thirty-two percent impairment to plaintiff's right upper extremity.

It is well established that the decision of the trial judge will not be disturbed if any material evidence supports it. *E. g.*, *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 585 (Tenn.1977). However, the causation or permanency of an injury must be established by expert medical testimony. *E. g.*, *Floyd v. Tennessee Dickel Distilling Co.*, 225 Tenn. 65, 68, 463 S.W.2d 684, 686 (1971). In the case at bar, Dr. Bowers' deposition establishes not only that plaintiff had a rateable impairment to his right upper extremity, but also that the injuries to his other members would be more susceptible to inju-

ry and disease in the future; therefore, the permanency of plaintiff's injuries has been established by expert medical testimony. Where medical testimony establishes the permanency of an injury, lay testimony becomes admissible and relevant on the issue of the extent of the work disability. *Smith v. Hale*, 528 S.W.2d 543, 545 (Tenn.1975). In assessing the extent of the disability, the trial judge may consider "many pertinent factors, including job skills, education, training, duration of disability, and job opportunities for the disabled, in addition to the anatomical disability testified to by medical experts." *Employers Ins. Co. v. Heath*, 536 S.W.2d 341, 343 (Tenn.1976); *accord, Trane Co. v. Morrison*, 566 S.W.2d 849, 851 (Tenn.1978).

The trial judge saw the injuries plaintiff retained as the result of his serious burns and heard testimony from plaintiff and his mother concerning the extent of his disability. We feel that this was competent material evidence to support the award. It is not the province of this Court to determine if the evidence preponderates in favor of the award, but only whether there was material evidence to support the trial judge's findings. *Id.*

Finally, appellants contend that the trial judge was precluded from awarding permanent partial disability to the body as a whole because he assessed individual disabilities to four scheduled members. In *Tennlite, Inc. v. Lassiter*, 561 S.W.2d 157, 159 (Tenn.1978), however, this Court held that "multiple injuries of three or more members are not scheduled injuries under § 50–1007(c)." As we expressed in *Lassiter*, "By providing specific formulas for combined injuries to certain members the legislature has recognized the virtually uncontrovertible fact that a combination of injuries to members of the body has a greater disabling effect than the mere arithmetical sum of individual scheduled awards would reflect." *Id.* at 158. T.C.A. § 50–1007 specifically provides, "All other cases of permanent partial disability not above enumerated shall be apportioned to the body as a whole, which shall have a value of four hundred (400) weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury." Thus, since under *Lassiter* plaintiff's injuries to four members were not injuries to scheduled members under T.C.A. § 50–1007(c), the trial judge did not err in awarding permanent partial disability to the body as a whole.

Affirmed. Costs are adjudged against appellants.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.

## OPINION ON PETITION TO REHEAR

FONES, Justice.

First, the petition reargues facts thoroughly considered in rendering the opinion in this case.

Second, the petition suggests that the decision in this case is contrary to the principles announced in *Owens Illinois, Inc. v. Lane*, 576 S.W.2d 348 (1978). We disagree.

The expert medical testimony in this case affirmatively stated that the burned skin was not as durable as normal skin and was more susceptible to injury and disease in a context leaving no doubt that that condition was of permanent duration, whereas in *Owens Illinois, supra*, the medical testimony was that the odds were 40% that the injury would be permanent and 60% that it would not.

The petition to rehear is denied.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.