

**FILED**
**Oct 29, 2021**
**08:00 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Dianne Moore | ) | Docket No. 2018-06-1503 |
| | ) | |
| v. | ) | State File No. 18493-2018 |
| | ) | |
| Beacon Transport, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Affirmed and Certified as Final**

---

The employee, a truck driver, reported low back pain, leg numbness, and other symptoms following an incident in Oklahoma. After certain authorized medical evaluations were completed, the employer denied the claim, asserting the employee's medical condition was not causally related to the alleged work accident. Following a compensation hearing, the trial court concluded the employee had not proven by a preponderance of the evidence that her medical condition arose primarily from the reported work accident, and the employee appealed. Upon careful consideration of the record, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined. Judge David F. Hensley concurred in a separate opinion.

Dianne Moore, Erin, Tennessee, employee-appellant, pro se

Cole Stinson, Lansing, Michigan, for the employer-appellee, Beacon Transport, LLC

**Factual and Procedural Background**

Dianne Moore ("Employee"), a Tennessee resident, worked as a truck driver for Beacon Transport, LLC ("Employer"). On March 11, 2018, Employee arrived at a location in Oklahoma to drop off an empty trailer and pick up another trailer. In an attempt to get between her trailer and another trailer to release her "landing gear," Employee crawled underneath the trailer, grabbed a large crank handle, and jerked on it several times. Upon doing so, she experienced immediate pain in her low back followed by numbness in her torso and legs. Because she had left her cell phone in the cab of her

vehicle and no one was nearby to assist her, she crawled from under the trailer, retrieved her cell phone from the cab of her truck, and called Employer to report the incident. She then called 911 and was transported by ambulance to a local hospital. Emergency personnel examined her and diagnosed bilateral sciatica.

Employee remained in Oklahoma for several days and was evaluated by a neurosurgeon, Dr. Bridger Cox. Dr. Cox ordered several MRIs and, upon reviewing the results, advised Employee she had degenerative changes at multiple levels of her spine. He saw no evidence of an acute disc herniation or vertebral fracture. He found no evidence of disc compression or stenosis. He did note "signal intensity" at the T5-6 level, which he described as possibly indicating "demyelinating disease." Dr. Cox advised Employee she could return to Tennessee and recommended she follow up with her primary care physician.

Upon her return to Tennessee, Employee continued to experience symptoms and requested additional medical treatment. Employer provided a panel of physicians, from which Employee selected Dr. Rubinowicz. The nurse case manager assigned to Employee's case advised Employee that Dr. Rubinowicz had no appointments available for several weeks. Employee expressed a need for a quicker appointment and agreed to see a different physician, Dr. Stephen Graham, but he too had no prompt appointments available. As a result, Employee agreed to see Dr. Garrison Strickland.

Dr. Strickland reviewed Employee's diagnostic scans and diagnosed transverse myelitis, which he concluded was not a work-related condition. He recommended Employee seek further treatment from her primary care physician. Employee then saw Dr. Darian Reddick, a neurologist in Nashville, who agreed that Employee suffered from idiopathic transverse myelitis. Employer denied Employee's claim for further workers' compensation benefits.

Following an expedited hearing, the trial court denied Employee's interlocutory claim for additional benefits. Thereafter, Employer filed a motion for summary judgment, arguing Employee was unable to establish sufficient evidence that her medical condition arose primarily from the alleged work accident. In response to Employer's motion, Employee submitted a standard form medical report (Form C-32) from Dr. James Anderson, a board-certified neurologist, who concluded Employee's reported work accident resulted in the need for medical treatment, resulted in some degree of disablement, and was primarily responsible for her injury or need for treatment. Specifically, Dr. Anderson stated Employee had suffered from an "accidental overstraining [incident] causing injury to vertebral structure which, in turn, injured spinal cord." As a result, the trial court denied Employer's motion for summary judgment, concluding there were genuine issues of material fact regarding medical causation, and set the case for trial.

2

After a period of additional discovery, the court conducted a compensation hearing on June 21, 2021, during which Employee, the nurse case manager, the insurance adjuster, and two employer representatives testified live. In addition, the parties introduced into evidence thirty-five exhibits, including the depositions of Dr. Cox, Dr. Strickland, and Dr. Reddick, and the Form C-32 of Dr. Anderson. In its compensation order, the trial court considered and weighed the expert medical proof addressing the issue of causation, noted that the law provides a presumption of correctness to Dr. Strickland's causation opinion, and determined that Employee's evidence did not overcome that presumption. As a result, the trial court denied Employee's claim for additional benefits and dismissed the case. Employee has appealed.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings and credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

On appeal, Employee raises three issues, which we have combined and restated as follows: Did the trial court err in concluding Employee's evidence did not overcome the presumption of correctness accorded the causation opinion of Dr. Strickland?

Many workers' compensation cases that proceed to trial ultimately hinge on evidence of medical causation. Tennessee's Workers' Compensation Law provides that "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), *shall be presumed correct on the issue of causation* but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2020) (emphasis added).

In *Kirk v. Amazon.com, Inc.*, No. 2015-01-0036, 2015 TN Wrk. Comp. App. Bd. LEXIS 44 (Tenn. Workers' Comp. App. Bd. Nov. 16, 2015), we addressed the level of proof required to overcome a trial court's factual determinations, stating "[t]he appellant bears the burden of showing that the evidence presented in the trial court preponderates against the trial court's findings. For the evidence to preponderate against a trial court's finding of fact, it must support another [finding] of fact with greater convincing effect." *Id.* at *19 (internal quotation marks and citations omitted).

Moreover, it is well established that a trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Reagan v. Tennplasco*, No. M2005-02020-WC-R3-CV, 2006 Tenn. LEXIS 1209, at *10 (Tenn. Workers' Comp. Panel Dec. 27, 2006). As explained by the Tennessee Supreme Court, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (internal quotation marks omitted). We review such determinations under an abuse-of-discretion standard. *Barnes v. Yasuda Fire & Marine*, No. W2000-02559-SC-WCM-CV, 2001 Tenn. LEXIS 696 (Tenn. Workers' Comp. Panel Sept. 24, 2001) ("we cannot say the trial court abused its discretion" by concluding "the opinion of certain experts should be accepted over that of other experts").[1]

---

[1] In his concurrence, our colleague posits that, in circumstances where the expert medical testimony is offered by deposition, there is no basis to review the trial court's conclusions regarding the expert proof under an abuse-of-discretion standard. Instead, in his view, we are to review such evidence independently of the trial court's review and make our own determination as to where the preponderance of the expert medical evidence lies. We conclude this approach ignores a substantial body of case law directing us to acknowledge the trial court's role as factfinder and accord the trial court the discretion to choose which expert offered the more probable explanation based on the totality of the evidence. This framework was discussed by the Supreme Court's Special Workers' Compensation Appeals Panel as recently as June 2021 in *Jumper v. Kellogg Co.*, No. W2020-01274-SC-R3-WC, 2021 Tenn. LEXIS 175 (Tenn. Workers' Comp. Panel June 23, 2021), a case in which the expert medical proof was by deposition: "When presented with conflicting expert opinions, a trial court *has discretion* to determine which testimony to accept . . . . A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical result, or bases its decision on a clearly erroneous assessment of the evidence." *Id.* at *17-18 (emphasis added) (internal citations omitted). The Tennessee Supreme Court adopted the Appeals Panel's opinion in *Jumper* as its own. *See Jumper v. Kellogg Co.*, No. W2020-01274-SC-R3-WC, 2021 Tenn. LEXIS 174 (Tenn. June 23, 2021). Other cases support this interpretation. *See, e.g.*, *Lavender v. Saturn Corp.*, No. M2002-00759-WC-R3-CV, 2003 Tenn. LEXIS 348, at *3-4 (Tenn. Workers' Comp. Panel May 5, 2003) ("We may make an independent assessment of the medical proof which is submitted by deposition, reports or records. We do not, however, disagree with the discretion exercised by the trial judge in this regard unless the record clearly shows an abuse of this discretion."); *Davenport v. Wal-Mart Supercenter*, No. E2002-02156-WC-R3-CV, 2003 Tenn. LEXIS 865, at *4 (Tenn. Workers' Comp. Panel Oct. 7, 2003) ("After our own reading of the medical depositions in this case, we find no abuse of discretion."); *Johnston v. Siskin Steel & Supply Co.*, No. E2020-00799-SC-R3-WC, 2021 Tenn. LEXIS 241, at *30-31 (Tenn. Workers' Comp. Panel Feb. 10, 2021) ("We will review any such determination under an abuse of discretion standard."). As noted by our colleague, pursuant to Tennessee Code

Here, because the trial court's decision to deny benefits hinged on its evaluation of expert medical proof of causation, including an opinion from a panel-selected physician, Employee must show both that the trial court abused its discretion in accepting the causation opinion of Dr. Strickland over that of other physicians *and* that Employee's evidence of causation overcame the presumption of correctness accorded Dr. Strickland's opinion. We find nothing in the trial court's opinion that indicates it applied an incorrect legal standard, reached an illogical conclusion, or based its decision on a clearly erroneous assessment of the evidence. Each physician who offered causation testimony had similar expertise and qualifications, each physician saw the employee once, and each physician reviewed essentially the same records. Both Dr. Strickland and Dr. Reddick diagnosed transverse myelitis. Dr. Strickland concluded it was not a work-related condition, and Dr. Reddick described it as "idiopathic." The trial court was tasked with choosing which physician offered the more probable explanation in light of the presumption of correctness afforded Dr. Strickland's opinion, and it chose to accredit Dr. Strickland's opinion over the opinions of Dr. Cox and Dr. Anderson.

In short, we cannot conclude the trial court abused its discretion in crediting Dr. Strickland's causation opinion over other expert opinions, and we cannot conclude the totality of the evidence preponderates against the trial court's decision.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.

---

Annotated section 50-6-239(c)(7), we are to apply a "presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." In our opinion, the manner in which that directive is phrased, while noting circumstances in which an appellate court must consider where the preponderance of the evidence lies, places more emphasis on the trial court's role as factfinder and the Appeals Board's role as reviewing tribunal than does our colleague's concurrence.



Dianne Moore ) Docket No. 2018-06-1503
)
v. ) State File No. 18493-2018
)
Beacon Transport, LLC, et al. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Joshua D. Baker, Judge )

## Concurring Opinion

Hensley, J., concurring.

I agree with the majority that the preponderance of the evidence supports the trial court's decision, and I agree with the majority's affirmance of the trial court's order denying the employee's claim for additional benefits.

I write separately to address the majority's application of an abuse of discretion standard in reviewing the trial judge's conclusion that the employee's medical proof did not overcome the statutory presumption of correctness applicable to Dr. Strickland's causation opinion. More specifically, in cases where the medical proof is presented by depositions or other documentary evidence, as in this case, I find no controlling authority for application of the abuse of discretion standard in reviewing a trial judge's decision to accept one expert's opinion over that of another. If a trial judge has the discretion to accept one expert's opinions over those of another, logic may lead one to conclude that a reviewing court would uphold the judge's decision absent an abuse of discretion. However, a review of the history of the applicable standards of review and applicable appellate court opinions leads me to conclude that when the medical proof is limited to deposition testimony and other documentary evidence, the Appeals Board should not apply an abuse of discretion standard in reviewing a trial judge's decision to accept one expert's opinions over those of another but should look to see where the preponderance of the evidence lies.

Numerous Tennessee Supreme Court opinions have considered trial court orders in which the expert proof was limited to depositions or other documentary evidence without applying an abuse of discretion standard to their review of the trial court's

1

decision to accept one expert's opinion over that of another.  *See, e.g.*, *Lang v. Nissan North Am., Inc.*, 170 S.W.3d 564 (Tenn. 2005) ("No deference to the trial court is warranted in reviewing documentary proof, such as expert medical testimony presented by deposition, because the appellate court stands in as good a position as the trial court."); *Krick v. City of Lawrenceburg*, 945 S.W.2d 709, 712 (Tenn. 1997).  In my opinion, these cases are controlling authority for the proposition that, when the expert proof is limited to depositions and other documentary evidence, an appellate court need not apply an abuse of discretion standard when reviewing a trial court's decision to accept one expert's opinions over those of another.  As addressed below, there are several unpublished opinions of the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel suggesting that an abuse of discretion standard is the appropriate standard of review in these circumstances.  However, I am unaware of any published opinion of the Tennessee Supreme Court or the Special Workers' Compensation Appeals Panel applying the abuse of discretion standard under these circumstances.[1]  The Appeals Board must presume that the "findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."  Tenn. Code Ann. § 50-6-239(c)(7).  If the issue at hand is whether the trial judge erred in accepting one or more expert's opinions over those of another or others, and the expert medical proof is limited to depositions and other documentary evidence, applicable controlling authority looks to see where the preponderance of the evidence lies without applying an abuse of discretion standard.

The genesis for applying an abuse of discretion standard under these circumstances can be traced to the principle that trial judges have the discretion to conclude that the opinion of certain experts should be accepted over that of other experts. The Tennessee Supreme Court long ago held that, when faced with conflicting medical testimony, "it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Hinson v. Wal-Mart Stores, Inc.*, 654 S.W.2d 675, 676-77 (Tenn. 1983) (citing *Combustion Engineering, Inc. v. Kennedy, Tenn.*, 562 S.W.2d 202 (Tenn. 1978)).  However, both *Hinson* and *Combustion Engineering* were decided when the standard for reviewing factual determinations of a trial judge was whether there was any material evidence to support the trial judge's determination.[2]  In *Hinson*, the Supreme

---

[1] Tennessee Supreme Court Rule 4(A)(1) uses "publication" to mean publication in the Southwestern Reporter.  Rule 4(A)(3) provides that "[o]pinions of the Special Workers' Compensation Appeals Panels shall not be published unless publication is ordered by a majority of the Supreme Court."  Rule 4(G)(1) provides that "[u]npublished opinions of the Special Workers' Compensation Appeals Panel shall . . . be considered persuasive authority."  Rule 4(G)(2) provides that "[o]pinions reported in the official reporter, however, shall be considered controlling authority *for all purposes* unless and until such opinion is reversed or modified by a court of competent jurisdiction."  (Emphasis added.)

[2] For injuries occurring after July 1, 1985, the standard of appellate review of workers' compensation cases was changed from "any material evidence" to "*de novo* upon the record of the trial court,

2

Court concluded that the expert medical evidence supported the trial judge's finding of a sufficient causal connection to sustain an award, stating "[t]his Court does not 'reweigh the evidence; in fact, *even if the evidence preponderates against the findings below*, the decision will be upheld so long as any material evidence supports it.'" *Hinson*, 654 S.W.2d at 676 (citing *Davis v. Gulf Ins. Group, Tenn.*, 546 S.W.2d 583 (Tenn. 1977) (emphasis added)). Under the material evidence standard of review, whether the trial judge abused his or her discretion was not an issue in deciding whether the trial judge reached the correct result; rather, the issue was whether there was any material evidence to support the trial judge's decision.

In addressing the standard of review applicable to injuries occurring after July 1, 1985 ("*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise"), the Tennessee Supreme Court stated in *Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315 (Tenn. 1987), that the standard differed "from that previously provided and requires this Court to weigh in more depth factual findings and conclusions of trial judges in workers' compensation cases." *Id.* at 315. The Court noted that "[w]here the trial judge has seen and heard witnesses, especially where issues of credibility and weight of *oral* testimony are involved, on review considerable deference must still be accorded to those circumstances." *Id.* (emphasis added). Further, the Court stated that "[i]n the present case, however, some of the issues involve expert testimony" and that "[a]ll of the medical proof was taken by deposition or was documentary, so that all impressions of weight and credibility must be drawn from the contents thereof, and not from the appearance of witnesses on oral testimony at trial." *Id.* at 315-16. The *Humphrey* Court did not address whether the trial judge had the discretion to conclude from the documentary proof that the opinion of one expert should be accepted over that of another expert, nor did the Court address whether an abuse of discretion standard applied to the review of the trial judge's decision to accept the opinions of one expert over those of another.

Two years later the Supreme Court used similar language in addressing medical proof presented by depositions in *Landers v. Fireman's Fund Ins. Co.*, 775 S.W.2d 355 (Tenn. 1989). Noting the medical proof was presented by depositions, the Court concluded that "[o]ur view of the evidence is somewhat different from that found in the memorandum opinion of the trial judge." *Id.* at 356. The Court did not address the discretion of the trial judge to conclude that the opinions of certain experts should be accepted over those of other experts but stated "it is certainly within the authority of this Court to reverse the judgment below." The Court said it did not consider it appropriate to reverse the judgment and instead vacated the judgment dismissing the employee's claim and remanded the case for further proof. *Id.* at 359. Like *Humphrey*, *Landers* did not

---

accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-225(e) (1985).

address whether an abuse of discretion standard applied to the Court's review of the trial judge's decision to accept the opinions of one expert over those of another.

On numerous occasions after *Landers*, the Tennessee Supreme Court has reiterated that it is able to make its own independent assessment of the medical proof to determine where the preponderance of the evidence lies when the medical testimony is presented by depositions. *See, e.g.*, *Williamson v. Baptist Hosp. of Cocke County, Inc.*, 361 S.W.3d 483, 487 (Tenn. 2012); *Foreman v. Automatic Sys.*, 272 S.W.3d 560, 571 (Tenn. 2008); *Crew v. First Source Furniture Grp.*, 259 S.W.3d 656, 665 (Tenn. 2008); *Wilhelm v. Krogers*, 235 S.W.3d 122, 127 (Tenn. 2007); *Orrick v. Bestway Trucking, Inc.*, 184 S.W.3d 211, 216 (Tenn. 2006); *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 322 (Tenn. 2005); *Lang v. Nissan North Am., Inc.*, 170 S.W.3d 564, 569 (Tenn. 2005); *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 679 (Tenn. 2005); *Bohanan v. City of Knoxville*, 136 S.W.3d 621, 624 (Tenn. 2004); *Conner Bros. Excavating Co. v. Long*, 98 S.W.3d 656, 660 (Tenn. 2003); *Tobitt v. Bridgestone/Firestone, Inc.*, 59 S.W.3d 57, 61 (Tenn. 2001); *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 774 (Tenn. 2000); *Wells v. Tennessee Bd. Of Regents*, 9 S.W.3d 779, 783-83 (Tenn. 1999); *McIlvain v. Russell Stover Candies*, 996 S.W.2d 179, 183 (Tenn. 1999); *Walker v. Saturn Corp.*, 986 S.W.2d 204, 207 (Tenn. 1998); *Krick v. City of Lawrenceburg*, 945 S.W.2d 709, 712 (Tenn. 1997); *Henson v. Lawrenceburg*, 851 S.W.2d 809, 812 (Tenn. 1993); *Elmore v. Travelers*, 824 S.W.2d 541, 544 (Tenn. 1992); *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991); *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991).

*Thomas v. Aetna Life & Casualty Company* was one of the first "post-material evidence standard" cases applying the principle announced in *Hinson* that a trial judge has the discretion to conclude that the opinions of certain experts should be accepted over those of other experts. In *Thomas*, the Supreme Court cited *Hinson* for this principle and noted that "because of the presumption of correctness which attaches to the trial court's finding pursuant to [Tennessee Code Annotated section] 50-6-225(e), the rule cited from *Hinson* remains valid even though the *Hinson* case was decided under the 'material evidence' standard of review." *Thomas*, 812 S.W.2d at 283. However, addressing the Supreme Court's review of a trial judge's findings that are based on expert testimony, the *Thomas* Court included the following quote from *Humphrey*:

> [w]here the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances. In the present case, however, some of the issues involve expert medical testimony. All of the medical proof was taken by deposition or was documentary, so that all impressions of weight and credibility must be drawn from the contents thereof, and not from the appearance of witnesses on oral testimony at trial.

4

*Id.*

Thus, consistent with *Landers*, the Court in *Thomas* acknowledged that, when the medical evidence is presented by depositions, the credibility and weight of the proof must come from the depositions. The Court stated that the above quote from *Humphrey* "does not mean that the deposition testimony of experts should be read and evaluated in a vacuum," adding that "[w]hile causation and permanency of an injury must be proved by expert medical testimony, such testimony must be considered in conjunction with the lay testimony of the employee." *Id.* The Court noted that "considerable deference must be given to the trial court's evaluation of such *oral* testimony," adding that, in this case, "the evidence concerning the employee's back injury came from the employee, who described how the accident happened and what effect the injury has had on his back, as well as the deposition testimony of the medical experts." *Id.* (emphasis added). Stating that the medical testimony was conflicting, the Court did not apply or address an abuse of discretion standard but affirmed the trial court stating, "the evidence does not preponderate against the findings of the trial court."[3] *Id.*

*Orman v. Williams Sonoma, Inc.*, a 1991 opinion released before *Thomas*, is consistent with *Thomas* in stating that "all impressions of weight and credibility [of medical proof taken by depositions or documentary proof] must be drawn from the contents thereof, and not from the appearance of witnesses on oral testimony at trial." *Id.* at 676. The *Orman* Court disagreed with the trial court about causation and, considering the testimony of the employee and her husband, was "persuaded that there exists a rational connection between [the employee's] physical condition and the incident," concluding "the injury arose out of and occurred in the scope of" the employment. *Id.* at 677. The Court reversed the trial court without addressing an abuse of discretion standard.

The Tennessee Supreme Court's Special Workers' Compensation Appeals Panel faced similar issues with conflicting medical opinions in numerous cases. In *Story v. Legion Ins. Co.*, 3 S.W.3d 450 (Tenn. 1999), the employer contended the trial judge erred in failing to give greater weight to the testimony of the treating physician than the evaluating physician, both of whom had testified by deposition. Stating that it was within

---

[3] The *Thomas* Court also cited *Talley v. Virginia Ins. Reciprocal*, 775 S.W.2d 587 (Tenn. 1989) for the quote from *Humphrey*. In *Talley*, the determinative issue was whether the employee's surgery and disability were causally connected to her employment. The trial judge found that the employee's pre-existing back condition was aggravated by her work accident and that the employee was totally disabled due to her injury. *Id.* at 588-89. Noting that the only in-court testimony came from the employee and "added little beyond the circumstances surrounding her accident," the Court reviewed the expert medical testimony before concluding that it "cannot find that [the employee's] surgery and disability were causally connected to the injury she sustained." *Id.* at 589, 592. The Court reversed the trial judge's findings that the employee's surgery and disability were causally connected to her employment and, like *Thomas*, did so without any mention of an abuse of discretion standard being applicable.

the discretion of the trial judge to determine which expert testimony to accept when the medical testimony differs, the Panel quoted from the Supreme Court's opinion in *Krick* addressing medical proof that is presented by depositions:

> Where the issues involve expert medical testimony and all the medical proof is contained in the record by deposition, as it is in this case, then this Court may draw its own conclusions about the weight and credibility of that testimony, since we are in the same position as the trial judge . . . . With these principles in mind, we review the record to determine whether the evidence preponderates against the findings of the trial court.

*Id.* at 455. Like *Krick*, *Story* offers no suggestion that an appellate court reviews a trial judge's findings regarding expert medical proof presented by depositions with an abuse of discretion standard; rather, these cases stand for the principle that an appellate court makes an independent review of the record and draws its own conclusions about the weight and credibility of expert proof presented by depositions for the purpose of determining where the preponderance of the evidence lies.

The earliest case I located in which the reviewing court mentioned an "abuse of discretion" in the context of a trial judge choosing between conflicting medical opinions where the proof was limited to deposition testimony and other documentary evidence is a 2001 Panel opinion. *Barnes v. Yasuda Fire & Marine Ins. Co.*, No. W2000-02559-SC-WCM-CV, 2001 Tenn. LEXIS 696 (Tenn. Workers' Comp. Panel Sept. 24, 2001) is an unpublished memorandum opinion of the Panel and is persuasive rather than controlling authority.[4] The case involved conflicting medical testimony. Noting that it was "as well situated to gauge the weight, worth and significance of deposition testimony as the trial judge," the Panel reversed the trial judge, concluding that the employee's injury "was probably one arising out of her employment and should be held compensable" without making any reference to an abuse of discretion standard. *Id.* at *4, *7. However, addressing the differing medical opinions concerning the employee's permanent impairment, the Panel stated the trial judge "must choose which view to believe," and, citing the 1983 *Hinson* case, added that "it is within the discretion of the trial judge to conclude the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Id.* at *10, *11. Further, the Panel noted that the trial judge accepted the opinion of one expert as to the employee's permanent impairment and conditionally awarded benefits based on a multiple of the impairment rating, stating that "[f]rom our independent examination of the record, we cannot say the trial court *abused its discretion* by [accepting one expert's opinion] or that the evidence preponderates against an award . . . based on [the expert's opinion]." *Id.* at *11 (emphasis added). The Panel did not cite any authority to support an abuse of discretion

---

[4] See footnote 1.

6

standard being applicable or otherwise address the abuse of discretion standard. No published cases have been located citing *Barnes*.

The Panel addressed similar issues in 2003 in *Lavender v. Saturn Corp.*, No. M2002-00759-WC-R3-CV, 2003 Tenn. LEXIS 348 (Tenn. Workers' Comp. Panel May 5, 2003), which, like *Barnes*, was an unpublished memorandum opinion of the Panel. The case involved conflicting medical opinions in depositions and other medical records. The Panel noted that, "in determining causation, the trial judge has the discretion to accept the opinion of one or more experts' testimony over that of others or another," adding that "[w]e may make an independent assessment of the medical proof which is submitted by depositions, reports or records." *Lavender*, 2003 Tenn. LEXIS 348, at *3-4. The Panel further stated:

> We do not, however, disagree with the discretion exercised by the judge in this regard *unless the record clearly shows an abuse of discretion*.

> We have reviewed the expert testimony in this case and find no reason to disagree with the trial judge's finding.

*Id.* at *4 (emphasis added). The Panel did not cite any authority for its assertion that it would not disagree with the discretion exercised by the trial judge "unless the record clearly shows an abuse of discretion." No published cases have been located citing *Lavender*.

In a later unpublished Panel opinion, *Davenport v. Wal-Mart Supercenter*, No. E2002-02156, 2003 Tenn. LEXIS 865 (Tenn. Workers' Comp. Panel Oct. 7, 2003), the Panel acknowledged that it was in the same position as the trial judge in evaluating medical proof submitted by depositions but also referenced the abuse of discretion standard. The Panel affirmed the trial court's judgment, stating that "[a]fter our own reading of the depositions in this case, we find no *abuse of discretion*." *Id.* at *4 (emphasis added). Again, there was no explanation for the reference to an "abuse of discretion" and no case was cited to support the application of an abuse of discretion standard for reviewing the trial judge's decision to accept one expert's opinion over that of another. Like *Barnes* and *Lavender*, no published cases have been located citing *Davenport*.

In a 2013 unpublished memorandum opinion, the Panel again addressed a case with conflicting medical proof that was presented by depositions. In *Hill v. Hutcherson Metals, Inc.*, No. W2011-01834-SC-WCM-WC, 2013 Tenn. LEXIS 258 (Tenn. Workers' Comp. Panel Mar. 5, 2013), the trial court entered a judgment finding the employee's inability to work and depression were caused by rheumatoid arthritis, a preexisting condition unrelated to his work, and that the employee had sustained a permanent partial disability as a result of injuries to his spine. At the outset, the Panel pointed out that

"when expert medical testimony differs, it is within the trial judge's discretion to accept the opinion of one expert over another." *Id.* at *17 (citation omitted). After reviewing the expert testimony concerning the employee's rheumatoid arthritis, the Panel was "unable to conclude that the trial court erred by accepting Dr. Zizic's opinion over those of physicians who testified on [the employee's] behalf and finding that [the employee's] work injury did not aggravate his [rheumatoid arthritis]. *Id.* at *19. Addressing the medical proof concerning the employee's spinal injury, the Panel stated that it "review[ed] the trial court's assessment of the expert testimony of [the employee's] radiculopathy with the same *abuse of discretion* standard we applied in our analysis of [the employee's rheumatoid arthritis] claim." The Panel cited the 1983 case of *Hinson* as support for its statement. *Id.* at *20 (emphasis added).

However, as previously noted, *Hinson* did not involve or address an abuse of discretion standard. It was decided under the "material evidence" standard of review, and the Court concluded that the medical evidence supported the trial judge, adding, as previously noted, that the Court "does not reweigh the evidence; in fact, even if the evidence preponderates against the findings below, the decision will be upheld so long as any material evidence supports it." *Hinson*, 654 S.W.2d at 676. In my opinion, the Panel in *Hill* did not cite *Hinson* to support its application of the abuse of discretion standard but simply because *Hinson* involved an employee who, like the employee in *Hill*, suffered from preexisting "rheumatic arthritic disease." *Id.*

In *Payne v. UPS*, No. M2013-02363-SC-R3-WC, 2014 Tenn. LEXIS 1112 (Tenn. Workers' Comp. Panel Dec. 30, 2014), another unpublished opinion, the Panel reviewed a trial judge's award of permanent disability benefits that was based on conflicting medical deposition testimony. Noting that the trial judge had the discretion to determine which testimony to accept when presented with conflicting expert opinions, the Panel concluded that the evidence did not preponderate against the trial judge's decision, stating the judge "had the opportunity to hear [the employee], hear her testimony concerning the effects of her injury, and compare the findings of each medical expert in light of those observations." *Id.* at *21. Further, the Panel wrote that "[a]ccordingly, the trial court did not *abuse its discretion* in adopting Dr. Gaw's diagnosis and impairment rating as the basis for the award." *Id.* (emphasis added). The opinion made no other mention of the abuse of discretion standard and provided no cite to support application of the standard.

*Payne* has been cited by two cases for the proposition that a trial judge's decision to accept one expert's opinion over another's will not be disturbed on appeal absent an abuse of discretion. Both cases involved appeals decided by the Appeals Board. I was the primary author of the first opinion, *Thysavathdy v. Bridgestone Ams. Tire Operations*, No. 2014-05-0026, 2017 TN Wrk. Comp. App. Bd. LEXIS 40 (Tenn. Workers' Comp. App. Bd. July 6, 2017). The Panel adopted the Appeals Board's opinion as its own unpublished opinion. *See Thysavathdy v. Bridgestone Ams. Tire Operations*, No. M2017-

01575-SC-R3-WC, 2018 Tenn. Lexis 313 (Tenn. Workers' Comp. Panel June 8, 2018). There were conflicting medical opinions in *Thysavathdy*, and, quoting from *Payne*, the opinion states that it is well-established that "a trial judge has the discretion to determine which testimony to accept when presented with conflicting expert opinions." *Id.* at *19-20. After addressing factors that a trial judge is to consider in deciding which expert's view to accept, *Thysavathdy* states that "[i]t is for the trial court to determine the relative weight to be given to expert proof taking into account the presumption of correctness afforded the authorized physician, and *we will not disturb that finding absent an abuse of discretion.*" *Id.* at *20 (emphasis added). The cite provided to support that statement is *Darraj v. McKee Foods Corp.*, No. 2015-01-0339, 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *9 (Tenn. Workers' Comp. App. Bd. Jan. 17, 2017), another Appeals Board opinion. In *Darraj*, the Appeals Board stated that "[a] trial court's decision concerning the assessment of competing expert medical opinions is reviewed under an abuse of discretion standard," and that "a trial court's determination regarding the relative weight to be given to expert medical opinions should be affirmed by a reviewing court unless the reviewing court concludes the trial court abused its discretion." *Id.* at *9, *14. No authority was cited for the latter quote, but the earlier quote cited *Sanker v. Nacarto Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. July 6, 2016), another opinion of the Appeals Board in which we stated that, "[t]hus, with respect to the issue of competing medical expert opinions, we review the trial court's determination under an abuse of discretion standard." *Id.* at *12. No authority was cited to support this conclusion.

The second opinion citing *Payne* for the principle that a trial judge's decision to accept one expert's opinion over that of another expert will not be disturbed on appeal absent an abuse of discretion is *Johnston v. Siskin Steel & Supply Co.*, No. E2020-00799-SC-R3-WC, 2021 Tenn. LEXIS 241 (Tenn. Workers' Comp. Panel Feb. 10, 2021). *Johnston* is a Panel opinion that, like *Thysavathdy*, adopted the Appeals Board's opinion as its own. The case involved several experts with conflicting medical opinions presented by depositions. The opinion cites *Payne* for the principle that the trial judge has the discretion to determine which testimony to accept when presented with conflicting expert opinions. *Id.* at *30. After identifying the factors that a trial judge may consider in determining which expert opinion to accept, the *Johnston* opinion states that "[w]e will review any such determination under an abuse of discretion standard," citing the Appeals Board's opinion in *Sanker*. *Id.* at *31.

In a 2015 unpublished opinion that has not been cited in subsequent reported cases, the Panel again referenced the abuse of discretion standard, finding "no abuse of discretion in the trial court's adoption of Dr. Gaw's opinion." *Hedgecoth v. Cummins Engine Co.*, No. M2014-01274-SC-R3-WC, 2015 Tenn. LEXIS 623, at *23 (Tenn. Workers' Comp. Panel Aug. 7, 2015). The Panel provided no citation to support application of the abuse of discretion standard but did cite the 1983 *Hinson* opinion for

9

the proposition that "it is within the trial judge's discretion to accept the opinion of one expert over another" when expert medical testimony differs. *Id.*

Finally, *Jumper v. Kellogg Co.*, No. W2020-01274-SC-R3-WC, 2021 Tenn. LEXIS 175 (Tenn. Workers' Comp. Panel June 23, 2021), is a recent unpublished opinion in which the Panel noted that a trial court "has discretion to determine which testimony to accept" when presented with conflicting opinions. *Id.* at *17-18. After identifying several factors that a trial court may consider in deciding which testimony to accept, the Panel noted in its "Standard of Review" that "[a] trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical result, or bases its decision on a clearly erroneous assessment of the evidence." *Id.* at *18 (citing *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010)). One of the issues on appeal was whether the employee established a compensable injury. The trial judge denied the employee's request for benefits for a gradually occurring injury, finding the employee did not establish a gradually occurring injury "because she did not prove her injury was caused by a specific set of incidents, identifiable by time and place of occurrence." 2021 Tenn. LEXIS 175, at *16. Further, the trial judge found that even if the employee had established an injury, "she did not establish causation by a preponderance of the evidence." *Id.* at *16-17. The Panel affirmed the trial judge, noting that the authorized treating physician's opinion that the employee's back pain was not work related was entitled to a presumption of correctness. *Id.* at *22. Further, the Panel noted that the employee attempted to overcome the presumption with a letter to another doctor asking the doctor to opine on causation. Stating that the hypothetical question presented to the doctor "was not fully supported by the evidence at trial," the Panel concluded that the employee "simply did not present sufficient evidence to establish a work-related injury." *Id.* at *24. The Panel did not address an abuse of discretion standard in its analysis. Thus, *Jumper* is not controlling or persuasive authority for the principle that, when the medical proof is presented by depositions and other documentary proof, an appellate court is to apply an abuse of discretion standard when reviewing a trial judge's decision to accept one expert's opinion over that of another.

Moreover, the statement in the *Jumper* "Standard of Review" addressing an abuse of discretion cited *Henderson v. SAIA, Inc.*, which did not involve conflicting expert proof or a trial court's decision to accept one expert's opinion over another. Rather, it involved a trial court's disposition of a motion to set aside a judgment filed pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, which the Supreme Court noted is "best left to the discretion of the trial judge." *Id.* at 335. The Court concluded that the employee had not shown "that the trial court's decision to deny relief from the parties' settlement . . . amounts to an abuse of discretion." *Id.* at 342. Accordingly, neither *Jumper* nor *Henderson* supports the assertion that an abuse of discretion standard applies to an appellate court's review of a trial judge's decision to accept the opinions of one expert over those of another where the proof is limited to depositions and other documentary evidence.

10

Addressing the abuse of discretion standard, the Tennessee Supreme Court has explained:

> The abuse of discretion standard recognizes that the trial court is in a better position than the appellate court to make certain judgments. The abuse of discretion standard does not require a trial court to render an ideal order . . . to withstand reversal. Reversal should not result simply because the appellate court found a "better" resolution.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001).

A workers' compensation judge is not in any better position than the Appeals Board to assess expert proof presented by depositions and other documentary evidence. Tennessee Code Annotated section 50-6-239(c)(7) provides that the findings and conclusions of the workers' compensation judge are presumed correct unless the preponderance of the evidence is otherwise. Thus, the Appeals Board must determine where the preponderance of the evidence lies rather than whether a trial judge's determination to accept one expert's opinions is within an acceptable range of alternatives. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). The abuse of discretion standard is a "review constraining concept" implying less intense appellate review and, therefore, less likelihood of reversal. *BIF, Div. of General Signals Controls, Inc. v. Service Const. Co., Inc.*, No number in original, 1988 Tenn. App. LEXIS 430 (Tenn. Ct. App. July 13, 1988).

Since the 1985 date that the "preponderance of the evidence" standard replaced the "material evidence" standard, controlling opinions from the Supreme Court have consistently held that appellate courts are able to make their own independent assessment of the medical proof to determine where the preponderance of the evidence lies when the medical testimony is presented by depositions. Ironically, all the Panel opinions I located that used the "abuse of discretion" language also included language indicating that courts reviewing depositions and documentary evidence are not required to afford deference to a trial court's findings based on such evidence and may independently assess such evidence to determine where the preponderance lies, or words to that effect. Indeed, quoting from *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018), the majority opinion recognizes that while the Appeals Board gives considerable deference to factual findings and credibility determinations made by a trial court from in-court testimony, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." Moreover, none of the Panel opinions addressed above offers a cite to support application of an abuse of discretion standard, excepting *Hill*, which cited the 1983 *Hinson* case that was controlled by the "material evidence" standard. In an appeal in which the medical proof is limited to depositions and other documentary evidence, I am no longer persuaded

that a review of the trial judge's decision to accept one expert's opinions over those of another is controlled by an abuse of discretion standard.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dianne Moore ) | Docket No. 2018-06-1503 |
| ) | |
| v. ) | State File No. 18493-2018 |
| ) | |
| Beacon Transport, LLC, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Joshua D. Baker, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of October, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Dianne Moore | | | | X | melow_d2000@yahoo.com |
| Cole Stinson<br>Susan Block | | | | X | cole.stinson@accidentfund.com<br>susan.block@accidentfund.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov